Donald WAELDE, Plaintiff,

v.

MERCK, SHARP & DOHME, Defendant.

Civ. No. 81–70864.

United States District Court,
E. D. Michigan, S. D.

Dec. 3, 1981.

Thomas H. Bleakley, Detroit, Mich., for plaintiff.

Raymond W. Morganti, Detroit, Mich., for defendant.

MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

Defendant in this drug products liability case has filed a motion for a protective order pursuant to Fed.R.Civ.P. 26(c)(7). Rule 26(c)(7) provides, in part, that:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (7) that a trade secret or other confidential research, development, or commercial information shall not be disclosed or be disclosed only in a designated way.

On August 21, 1981, plaintiff filed a notice to produce pursuant to Fed.R.Civ.P. 34

and 26. In this notice, plaintiff requested defendant to produce the New Drug Application (NDA) file on its product Clinoril. Plaintiff specifically requested documents concerning post-marketing adverse reactions, pre-marketing studies and animal tests which show the effect of Clinoril on blood-forming organs of the body, and correspondence reporting effects of the drug on persons receiving it and on the Stevens-Johnson syndrome in particular.

Defendant objected to the notice to produce, claiming that the contents of the NDA file are trade secrets and are so treated by the FDA. Defendant asserts that disclosing the requested documents other than pursuant to a protective order would waive their trade secret status with the FDA and permit the agency to disclose the information to defendant's competitors, which would harm defendant's competitive position. Defendant therefore attempted to obtain plaintiff's approval of a protective order which would permit plaintiff's counsel to review the documents but prohibit plaintiff from using the documents other than to prosecute this action. Plaintiff refused to agree to the proposed protective order, so defendant filed the motion for a protective order now before the Court. At oral argument on the motion, the Court requested the parties to submit supplemental briefs. Neither party submitted such briefs.

■ As a general rule, pre-trial discovery proceedings are conducted in public unless compelling reasons exist to deny public access. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D.Georgia 1980); *Essex Wire Corp. v. Eastern Electric Sales Co.*, 48 F.R.D. 308, 310 (E.D.Pa.1969). A court has broad discretion to impose conditions on the release of information to protect a person from harmful effects of disclosure. Fed.R.Civ.P. 26(c). The party seeking a protective order under Rule 26 bears the burden of demonstrating the "good cause" required to support issuing such an order. *Monaco v. Miracle Adhesives Corp.*, 27 F.R.Serv.2d 1401, 1401 (E.D.

Pa.1979); *Reliance Insurance Co. v. Barron's*, 428 F.Supp. 200, 202 (S.D.N.Y.1977); *Davis v. Romney*, 55 F.R.D. 337, 340 (E.D. Pa.1972).

■ To obtain a protective order under Fed.R.Civ.P. 26(c)(7), the movant must show 1) that the material is a trade secret or other confidential information and 2) that disclosure would "work a clearly defined and very serious injury." *United States v. IBM*, 67 F.R.D. 40, 46 (S.D.N.Y. 1976); *Accord, Monaco v. Miracle Adhesives Corp.*, *supra* at 1401–02; *Reliance Insurance Co. v. Barron's*, *supra* at 202–03. *See also Essex Wire Corp. v. Eastern Electric Sales Co.*, *supra* at 310. ("great competitive disadvantage and irreparable harm"); *Parsons v. General Motors Corp.*, *supra* at 726 ("create a competitive disadvantage"). Moreover, vague and conclusory allegations of confidentiality and competitive harm are insufficient. The movant must make "a particularized showing that the information sought is confidential" and come forth with "specific examples" of competitive harm. *Parsons v. General Motors Corp.*, *supra* at 726. *See also General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) *quoting* 7 Wright & Miller, Federal Practice & Procedure § 2035 at 265; *Monaco v. Miracle Adhesives Corp.*, *supra* (show "specific harm"); *United States v. IBM Co.*, *supra* (value of data to competitors was "speculative"); *Hunter v. International Systems v. Controls Corp.*, 51 F.R.D. 251, 255 (W.D.Mo.1970) (specify "precisely how the disclosure of the information would prejudice defendant"); *Essex Wire Corp. v. Eastern Electric Sales Co.*, *supra* at 312 (show a "clearly defined injury").

Plaintiff and defendant agree that the criteria for determining whether information is a trade secret are set out in the Restatement of Torts § 757. Comment (b) recites the following factors to be considered:

(1) The extent to which the information is known outside his business; (2) The extent to which it is known by employees and others involved in his business; (3) The extent of measures taken by him to

guard the secrecy of the information; (4) The value of the information, to him or his competitors; (5) The amount of effort or money expended by him in developing the information; (6) The ease or difficulty with which the information could be properly acquired or duplicated by others. These factors have been explicitly accepted as the criteria for determining trade secret status by the courts in *Reliance Insurance Co. v. Barron's supra* at 202–03 and *United States v. IBM, supra* at 47, both Southern District of New York cases. The FDA also has accepted the factors set forth in Restatement § 757 as relevant to a determination of trade secret status. 39 Fed.Reg. 44613 (December 24, 1974), *Carson Products Co. v. Califano,* 594 F.2d 453, 461 (5th Cir. 1979).

Defendant represents that the information contained in the NDA file for Clinoril is treated as a trade secret by the FDA. Plaintiff claims, however, that the information sought is not a trade secret and is available from the FDA through a Freedom of Information Act request.

All the information in an applicant's NDA file is not automatically available to the public after a drug application has been approved. Trade secrets and confidential information in the possession of the FDA, whether contained in NDA files or otherwise, are not available for public disclosure. *See* 21 CFR §§ 20.60, 20.61, 20.100(17) and 314.14 (1981) However, all the information contained in an NDA file is not necessarily a trade secret or confidential commercial information. Moreover, certain categories of information may be disclosed after a drug application has been approved or if the information has been previously disclosed to the public. 21 CFR §§ 314.13, 20.81. For example, adverse reaction reports and consumer complaints may be disclosed after a drug application is approved. Safety and effectiveness data, which includes "all studies and tests on a drug on animal and human subjects and all studies and tests of the drug for identity, stability, purity, potency, and bioavailability," may be released if previously publicly disclosed or if certain other conditions are met. However, manufacturing methods and production data may be disclosed only if not a trade secret or confidential information *and* the information has been previously disclosed.

■ Therefore, to be completely exempt from disclosure by the FDA, the contents of a NDA file must be a trade secret or confidential information as well as not previously publicly disclosed. Defendant's assertion that the information in its NDA file is treated as a trade secret by the FDA begs the question, since the requirements for confidential treatment of information by the FDA are virtually the same as those established in case law to support granting a protective order pursuant to Fed.R.Civ.P. 26(c)(7). Therefore, to obtain a protective order to protect the information in the NDA file sought by plaintiff, defendant still must make a particularized showing that the information it seeks to protect is a trade secret or confidential information.

As noted previously, the burden of showing the need for a protective order is on the movant. Defendant has done little more to sustain its burden of proof on the issue of trade secret status of the information sought than assert that the information is a trade secret because the FDA treats it as such, that the information was costly to produce and would be costly for competitors to duplicate, and that it has not been previously publicly disclosed. The only competitive injury asserted is that defendant's competitors could use the information to obtain FDA approval of similar drugs. However, this is not a case where a competitor is the party seeking the information, such as an antitrust action, where courts may be more willing to grant protective orders because of the certainty that the information would in fact be obtained by the competitor and the obvious likelihood of competitive injury. *See, e.g., United States v. United Fruit Co.,* 410 F.2d 553 (5th Cir. 1969), *Essex Wire Corp. v. Eastern Electric Sales Co., supra* at 311. There has been no allegation in this action that plaintiff will use the fruits of discovery for other than legitimate legal proceedings. It therefore seems to this

Court that the likelihood that the requested information would reach defendant's competitors is remote and the competitive damage caused by not issuing the protective order as requested is speculative at best. Moreover, as plaintiff notes, the Federal Rules do not prohibit collaboration among litigants, *Parsons v. General Motors Corp., supra,* and there is no merit to the position that the fruits of discovery may not be shared. *Williams v. Johnson & Johnson,* 50 F.R.D. 31 (S.D.N.Y.1970). *See also In Re The Upjohn Antibiotic Cleocin Products Liability Litigation,* 81 F.R.D. 482 (E.D.Mich. 1979).

■ Defendant has not only failed to show with the requisite specificity that the information sought is confidential or a trade secret and that disclosure would result in serious competitive injury, but also has submitted a proposed protective order that is overbroad in light of plaintiff's request to produce. Defendant's proposed protective order seeks to protect not only the NDA file, which is the specific information requested by plaintiff in his notice to produce, but also any documents or deposition testimony elicited during the course of discovery in this action. Defendant proposes that any document or testimony it designates as confidential would be protected by the protective order. The order provides not only that the protected information not be used other than for purposes of this action, but also that the information designated as confidential be sealed and labeled as such in the Court's files, and that the names of independent experts that plaintiff wishes to have receive the information be provided to defendant and be subject to defendant's approval. The proposed order amounts to a blanket protective order, which would apply to *any* information defendant cares to characterize as confidential. This is not the intent of Rule 26, which requires a particularized showing of confidentiality and specific demonstration of harm to a party's competitive situation before a protective order is permitted.

Therefore, for the reasons stated herein, defendant's motion for a protective order

will be denied. An appropriate order will be submitted.