**BROAN MFG. CO., INC., Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORP., Defendant.**

**Civ. A. No. 84–C–5.**

United States District Court,
E.D. Wisconsin.

June 1, 1984.

Stephen T. Jacobs and Dennis P. Reis, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., Milwaukee, Wis., for plaintiff.

Richard C. Ninneman and Marcia R. Schwartz, Whyte & Hirschboeck, S.C., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Broan Mfg. Co., Inc. ("Broan"), a manufacturer of attic ventilating fans, filed this

left open by the earlier case law. *Heckler v. Community Health Services of Crawford County,* —— U.S. ——, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984).

action against Westinghouse Electric Corp. ("Westinghouse"), alleging that Broan purchased about 16,000 electric fan motors from Westinghouse, that those motors were improperly wired, and that Westinghouse is liable for breaching express and implied warranties. Westinghouse has denied Broan's contentions, and has counterclaimed for its own losses sustained in locating and replacing the allegedly defective motors.

On April 25, 1984, the parties submitted for court approval a "Stipulated Protective Order" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The proposed protective order was not accompanied by a joint motion or by supporting affidavit. It is attached hereto in full as Appendix A.

Rule 26(c)(7), Federal Rules of Civil Procedure, states:

> Upon motion by a party or by the person from whom discovery is sought, and *for good cause shown,* the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> \*    \*    \*    \*    \*    \*

> (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; .... (Emphasis added.)

■ As a general rule, pretrial discovery must take place in the public eye unless compelling reasons exist for denying the public access. *American Telephone & Telegraph Co. v. Grady,* 594 F.2d 594, 596 (7th Cir.1979); *Waelde v. Merck, Sharp & Dohme,* 94 F.R.D. 27 (E.D.Mich.1981). *See also Wilk v. American Medical Ass'n,* 635 F.2d 1295, 1299 (7th Cir.1980). A court has broad discretion under Rule 26(c) to condition the release of information for the purpose of protecting persons from harmful effects of disclosure. The party seeking a protective order, however, must come forward to demonstrate that "good cause"

exists for issuing such an order. *Waelde,* 94 F.R.D. at 28.

■ Neither Broan nor Westinghouse has demonstrated good cause, or any cause for that matter, for issuing the protective order they have proposed. Bearing in mind the solid presumption favoring an open discovery process, I cannot restrict the public's access to that process in this case simply because neither party objects to the proposed protective order.

IT IS THEREFORE ORDERED that the parties' request for approval of the "Stipulated Protective Order" is denied.

### APPENDIX A

### STIPULATED PROTECTIVE ORDER

Upon consent of the parties and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

1. Except as otherwise ordered by this Court, this Protective Order shall apply to all documents, answers to interrogatories, testimony, information and pleadings produced, given or filed in this action that are designated by a party as "CONFIDENTIAL" in accordance with the terms hereof.

2. Any party may designate as "CONFIDENTIAL":

(A) Information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents or other writing. Such designation shall be made by stamping or otherwise marking (in such a manner as will not interfere with the legibility of the document) each page of the document containing confidential information with an appropriate notation substantially in the form:

"CONFIDENTIAL: Pursuant to U.S. District Court Order"

Unless a party intends to designate all of the information contained within the document as "CONFIDENTIAL" information, the party should indicate in

a clear fashion that portion of the document which the party intends to designate as containing "CONFIDENTIAL" information.

(B) Information contained or revealed in a deposition, whether in a question, answer or exhibit. Such designation shall be made by noting a claim of confidentiality pursuant to this Order on the record at the time of the deposition, whenever reasonably possible. The claimant of confidentiality or the person obligated to maintain and protect confidentiality under this Order shall, on the record, advise all Persons present at the deposition that the information is confidential and is subject to this Protective Order governing its use. When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made within a reasonable time thereafter, at which point the designated material shall be accorded confidential treatment pursuant to this Order.

3. "CONFIDENTIAL" information subject to this Order shall be used solely for purposes of this case in accordance with the provisions of this Order. Such information shall not be used in or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose whatever.

4. Documents and information designated as "CONFIDENTIAL" and information derived therefrom may be inspected by and/or disclosed only to:

(A) Counsel of record for the respective parties, including in-house counsel for such parties and their paralegal and clerical staff;

(B) Officers and employees of any party who are deposed or who are directly or personally involved in the prosecution or defense of this action, and expert witnesses or consultants engaged by counsel for a party to assist in the prosecution or defense of this action; provided, however, that prior to any inspection by and/or disclosure to any

of the foregoing person(s), said person(s) shall sign and agree to abide by the terms contained in the Confidentiality Agreement attached hereto as Exhibit A and incorporated herein by this reference.

(C) The Court and Court personnel employed to work on this litigation.

5. It is the responsibility of counsel for each party to this action to ensure that persons who receive access to any "CONFIDENTIAL" information pursuant to the above subparagraphs 4(A) and (B) have knowledge of the terms of this Order and agree to be bound by them.

6. Nothing contained in this Order shall be construed to prejudice any party's right to use any "CONFIDENTIAL" document or information in the taking of depositions or at trial or in any proceeding in this litigation provided, however, that any "CONFIDENTIAL" document or information so used shall not lose its confidential status through such use, and its confidentiality shall be protected in conformance with this Order.

7. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

8. At the conclusion of this case, including any appellate proceedings, all confidential materials obtained (including copies thereof) shall be deposited with an escrow agent, who may release the documents only upon agreement of the parties or Order of the Court; provided, however, that the escrow agent shall destroy, or return the confidential documents to the producing party (at the election of the producing party) twelve months after the close of the case, including any appellate proceedings, unless the parties agree otherwise or unless otherwise directed by the Court.

9. Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Order.

CONSENTED TO:

/s/ Stephen T. Jacobs

Stephen T. Jacobs, Esq.
Reinhart, Boerner, Van Deuren,
   Norris & Rieselbach, S.C.
111 East Wisconsin Avenue
Suite 1800
Milwaukee, Wisconsin 53202

Attorneys for the Plaintiff

/s/ Marcia R. Schwartz

Richard C. Ninneman
Marcia R. Schwartz
Whyte & Hirschboeck, S.C.
2100 Marine Plaza
Milwaukee, Wisconsin 53202

Attorneys for the Defendant

SO ORDERED:

John W. Reynolds
United States District Judge

Dated: Milwaukee, Wisconsin
————————, 1984.
2195p/04–24–84

## EXHIBIT A

### CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY AGREE-MENT is made this ____ day of _____, 19__ by _____ (the "Evaluator"), and sets forth the Evaluator's covenants and promises to BROAN MFG. CO., INC. and WESTINGHOUSE ELECTRIC CORP. (the "Companies"), with respect to the review of certain Confidential Information provided to the Evaluator.

WHEREAS, there is an action currently pending in the United States District Court for the Eastern District of Wisconsin between BROAN MFG. CO., INC. ("BROAN"), Plaintiff, and WESTING-HOUSE ELECTRIC CORP. ("WESTING-HOUSE"), Defendant; and

WHEREAS, the undersigned Evaluator has requested the opportunity to evaluate certain confidential information relating to the aforementioned action; and

WHEREAS, the Companies are willing to grant to the Evaluator certain rights to examine certain confidential information; and

WHEREAS, as a result of such provision the Evaluator will have access to certain knowledge and information, developed in connection with the business of the Companies not generally known in the Companies' industry which provides the Companies with a substantial competitive advantage, relating to their existing and contemplated products, manufacturing procedures, methods, machines, technology, sales methods, customer lists, customer usages and requirements, including all information respecting research, development, manufacturing, purchasing, accounting, engineering, marketing, merchandising and selling and all other confidential information, trade secrets and data (collectively referred to herein as "Confidential Information"); and

WHEREAS, the Evaluator desires to assure the Companies that all Confidential Information provided to the Evaluator pursuant to the Agreement or any related contract will be treated with the utmost confidence and will not be used by the undersigned or any of its agents to the detriment of the Companies;

NOW, THEREFORE, in consideration of the foregoing, and the Companies' granting to the undersigned access to the Confidential Information, IT IS AGREED:

1. The parties acknowledge that the Confidential Information referred to herein has been and is being developed in connection with the Companies' business at great expense, is kept and protected as confidential information and trade secrets and that the Companies would suffer great loss and irreparable damage if the Evaluator or its agents or employees should improperly use the Confidential Information or disclose the Confidential Information to the Companies'

customers, potential customers, competitors, potential competitors or *any* other parties.

2. No Confidential Information received by the Evaluator shall be used by the Evaluator or any of his employees or agents to their advantage or disclosed by the Evaluator, his employees or agents to third parties to the detriment of the Companies. Upon the completion and termination of the review of the Confidential Information in connection with the above-referenced proceeding, the Evaluator agrees to send by regular mail to the escrow agent all of the released Confidential Information including all of the documents, schedules, writings, work papers or other materials that disclose or relate to Confidential Information, and including the existing copies, extracts, photostats, photographs and summaries thereof, in the Evaluator's possession, and to provide the Companies with a sworn affidavit that no such Confidential Information has been retained by the Evaluator or disclosed to the Companies' customers, potential customers, competitors, potential competitors or *any* other parties.

3. The Evaluator shall not be permitted to disregard its obligations and confidence under this Agreement by using the disclosed Confidential Information to guide a search of publications or other publicly available materials or by selecting a series of items of knowledge from unconnected sources of the public domain and fitting them together through the use of the Confidential Information.

4. The Evaluator agrees to take all other appropriate precautions against unauthorized disclosure of the Confidential Information by any of his employees, agents or other persons under his control. If the Evaluator or any of his employees disclose any of the Confidential Information, the Company shall have the right in addition to such other remedies which may be available to them, to injunctive relief enjoining such acts or attempts, it being acknowledged that legal remedies are inadequate.

5. The Evaluator acknowledges that the nondisclosure restrictions provided for herein are reasonable and the consideration provided for herein is sufficient to fully and adequately compensate the Evaluator for agreeing to the nondisclosure restrictions.

6. If any portion of this Agreement is held to be invalid or unenforceable for any reason, said invalidity or unenforceability shall not affect the other portions of this Agreement and the remaining covenants, terms and conditions shall remain in full force and effect and any court of competent jurisdiction may so modify an objectionable provision as to make it valid, reasonable and enforceable.

7. This Agreement shall be binding on and inure to the benefit of the Evaluator and the Companies, and shall be enforceable by the Evaluator and the Companies, their successors and assigns.

IN WITNESS WHEREOF, the Evaluator has executed this Confidentiality Agreement as of the day, month and year first above written.

1088Q/04–23–84