Cohen v. Brown University          CV-99-485-B          05/12/00

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Amy Cohen, et al.**

    **v.**                                        Civil No. 99-485-B
                                        Opinion No. 2000 DNH 118
**Brown University, et al.**

### MEMORANDUM AND ORDER

Plaintiffs prevailed in a class action alleging that Brown University violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688.  Accordingly, they are entitled to recover the costs and reasonable attorneys' fees that they incurred in prosecuting their claims.  See 42 U.S.C. § 1988 (1994 & Supp. 1996).

On May 19, 1999, Magistrate Judge David Martin determined that plaintiffs were entitled to discovery concerning the attorneys' fees and costs that Brown incurred in defending the class action (the "fee information") because this information may be relevant to Brown's challenge to plaintiffs' fee request.  See

Mem. and Order Granting in Part Pls.' Mot. for Limited Disc. and Mot. to Fixing Time (R.I. Doc. #294) at 5-8. On January 18, 2000, the Magistrate Judge granted Brown's request for a protective order preventing plaintiffs from publicly disseminating the fee information. See Protective Order (R.I. Doc. #309). He also ruled that while plaintiffs could refer to the fee information in pleadings and memoranda filed with the court, they could not, without prior authorization by the court, publicly disseminate copies of such pleadings or memoranda. See id.; Mem. and Order Granting Mot. for Protective Order (R.I. Doc. #308) at 6 n.3. Plaintiffs then filed this appeal challenging the protective order.[1]

I review the protective order to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)

---

[1] Brown argues that I should reject the appeal because plaintiffs' counsel rather than the plaintiffs themselves are challenging the protective order. See Mem. in Opp'n to Appeal from Order of United States Magistrate Judge (Doc. #7) at 2-4. I reject this argument because the record contains no evidence to support Brown's assertion that plaintiffs' attorneys are acting without the consent of their clients.

(A) (1994).

**I.**

Fed. R. Civ. P. 26(c) authorizes a district court to issue a protective order "for good cause shown." Fed. R. Civ. P. 26(c). In construing this requirement, the First Circuit has held that

> the party seeking a protective order has the burden of showing that good cause exists for the issuance of that order. It is equally apparent that the obverse is also true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection.

Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988) (quoting In re Agent Orange Prod. Liab. Lit., 821 F.2d 139, 145-46 (2d Cir. 1987)). The court also observed that "[a]s a general proposition, pretrial discovery must take place in public unless compelling reasons exist for denying the public access to the proceedings." Id. (quoting American Tel. & Tel. Co. v. Grady, 594 F.2d 594, 596 (7th Cir. 1978)).

**II.**

The Magistrate Judge clearly erred in issuing the protective order because Brown failed to support its request with specific evidence that it will suffer serious injury if the order is not issued. Brown does not assert that the fee information is privileged. It does not argue that disclosure will compromise its litigation strategy or allow its competitors to commercially exploit the fee information. Nor does it suggest that disclosure will adversely affect the privacy interests of any employee or student. Indeed, Brown has not expressly described how it will be harmed if the fee information is publicly disclosed.[2]

---

[2] Brown states that it opposes disclosure because it fears that plaintiffs will use the fee information in a public relations effort to "bully other schools (at Brown's expense)." Mem. in Opp'n to Appeal from Order of United States Magistrate Judge (Doc. #7) at 12. To the extent that Brown is suggesting that the protective order is warranted because it will be embarrassed if the fee information is released, I reject this argument. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 484 (3d Cir. 1995) (concluding that corporate embarrassment was not "good cause" for protective order); 6 James Wm. Moore et al., Moore's Federal Practice ¶ 26.105[8][a] (3d ed. 1999) ("A risk of revelation of information that might be unpopular or might raise questions unrelated to the litigation is not sufficient to justify a protective order on ground of confidentiality.").

-4-

Because Brown failed to produce any specific evidence that it will be seriously injured if the fee information is publicly disseminated, the Magistrate Judge was forced to base his finding of good cause on Brown's assertion that the fee information should be protected because it is "financial information" that Brown has chosen not to release to the public. See Mem. and Order Granting Mot. for Protective Order (R.I. Doc. #308) at 2-4. However, a generalized statement that Brown will be injured in some unspecified way by the publication of otherwise confidential information cannot, by itself, satisfy Rule 26(c)'s good cause requirement. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (concluding that good cause requires evidence of a "clearly defined and serious injury"). If it were otherwise, protective orders would be the general rule rather than the exception.

Brown also suggests that the protective order is justified because the fee information does not concern to the merits of plaintiffs' Title IX claims. See Mem. in Opp'n to Appeal from

Order of United States Magistrate Judge (Doc. #7) at 4.  I disagree.  Plaintiffs are seeking more than one million dollars in attorneys' fees and costs.  See Mem. and Order Granting in Part Pls.' Mot. for Limited Disc. and Mot. to Fixing Time (R.I. Doc. #294) at 2 & n.1.  Brown has attacked plaintiffs' fee request as excessive and the Magistrate Judge has determined that the fee information may be helpful in evaluating Brown's argument.  When the parties call upon a judicial officer to resolve such an important dispute, the public has a substantial interest in having access to information that may have a bearing on the decision-making process, regardless of whether the information concerns the merits of plaintiffs' underlying claims.  In any event, Brown's argument turns on its head the presumption in Rule 26(c) that discovery material obtained for a legitimate purpose should be available to the public absent a showing of good cause for nondisclosure.  See Public Citizen, 858 F.2d at 788-90; San Jose Mercury News, Inc. v. United States Dist. Court-N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999); In re

<u>Agent Orange Prod. Liab. Lit.</u>, 821 F.2d at 145-47. Brown cannot avoid its burden to demonstrate that the disclosure of the fee information is will cause it serious injury simply by claiming that the fee information is relevant only to the issue of plaintiffs' attorneys' fee claim.

Finally, Brown argues that I should remand this matter to the Magistrate Judge for further hearings if I cannot sustain the protective order on the present record. <u>See</u> Mem. in Opp'n to Appeal from Order of United States Magistrate Judge (Doc. #7) at 12-13. I reject this argument. Brown had ample opportunity to produce a full evidentiary record in support of its request when it originally sought relief from the Magistrate Judge. It has offered no explanation for its failure to do so. It is time to bring the matter to a conclusion. Accordingly, I reject Brown's request for a remand for a further hearing.

## III.

For the reasons set forth in this order, I vacate the

Magistrate Judge's January 18, 2000 protective order.

SO ORDERED.

                                           _____
                                           Paul Barbadoro
                                           Chief Judge

May 12, 2000

cc:  Beverly Ledbetter, Esq.
      Julius Michaelson, Esq.
      Sandra Duggan, Esq.
      Arthur Bryant, Esq.
      Lynette Labinger, Esq.
      Raymond Marcuccio, Esq.
      Amato DeLuca, Esq.
      Clerk, USDC-RI