AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Illinois Bell Telephone Company, and Southwestern Bell Telephone Company, Petitioners,

v.

Honorable John F. GRADY, Judge of the United States District Court for the Northern District of Illinois, Respondent.

MCI COMMUNICATIONS CORPORATION, et al., Plaintiffs-Appellees,

v.

AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Illinois Bell Telephone Company, and Southwestern Bell Telephone Company, Defendants-Appellants.

Nos. 78–2316, 78–2317.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 20, 1978.

Decided Dec. 14, 1978.*

Opinion March 1, 1979.

Certiorari Denied March 26, 1979. See 99 S.Ct. 1533.

---

* This appeal was originally decided by an unreported order on December 14, 1978. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

George L. Saunders, Sidley & Austin, Chicago, Ill., for petitioners.

Robert B. Nicholson, Dept. of Justice, Washington, D. C., Chester T. Kamin, Chicago, Ill., for respondent.

Before FAIRCHILD, Chief Judge, and BAUER and WOOD, Circuit Judges.

PER CURIAM.

In the instant appeal and conditional petition for writ of mandamus appellant-petitioner challenges the propriety of an order of the district court granting the motion of the United States of America to modify a protective order which governed the use of discovered materials in *MCI Communications Corp. v. ATT,* 462 F.Supp. 1072. We hereby affirm the trial court's order.

I. The Procedural History

MCI Communications Corporation, a communications common carrier engaged in providing private line communications services, filed suit against the American Telephone & Telegraph Company and its affiliates on March 6, 1974, in the United States District Court for the Northern District of Illinois alleging violations of Sections 1 and 2 of the Sherman Act. On August 6, 1974, the district court entered a protective order to govern the subsequent use of "all documents and other discovery materials produced in response to any documents request made upon plaintiffs or defendants in the . . . [case] . . . and to any deposition or portion of a deposition as to which confidential status is requested by either party." The protective order was entered at the request and signed consent of the parties. From 1974 to the present, discovery on the parties has proceeded pursuant to the terms of the protective order. Discovery from nonparties has proceeded pursuant to other protective orders entered by the district court which expressly provided that the discovery materials obtained thereunder may be used solely in the preparation for trial in *MCI v. ATT.*

On November 20, 1974, the United States filed its Section 2 Sherman Act suit against ATT in the District of Columbia. Three stays of this suit, one on motion of the United States of America, one on motion of ATT, and one on the Court's own motion interfered with the pace of discovery until November 28, 1978.

On November 17, 1977, nonparty United States of America moved in the District Court for the Northern District of Illinois for modification of the protective order entered in *MCI v. ATT* on August 6, 1974, in order to allow the government access to all of the materials discovered in the *MCI* case. The government alleged that its action encompassed "virtually all of the anticompetitive practices of which plaintiffs complain here," and that the government would be able to gain access to those documents via discovery in the District of Columbia case but that immediate access would save time and money.

On September 11, 1978, Judge Greene granted the government's motion to permit access to discovery in *USA v. ATT* thus requiring MCI to provide to the government all documents "produced by defendants and requested by plaintiffs" in *Litton Systems, Inc. v. ATT,* No. 76 Civ. 2512 (S.D.N.Y.) and *MCI Communications Corp. v. ATT,* 462 F.Supp. 1072 (N.D.Ill.). ATT filed a writ of mandamus in the Second Circuit Court of Appeals naming Judge Greene as respondent in an attempt to gain review of this order. On October 31, 1978, the District of Columbia Court of Appeals denied the writ of mandamus but granted a stay for 48 hours pending application for certiorari and for emergency stay to the Supreme Court. ATT filed its emergency petition to the Supreme Court and a temporary stay was granted by Chief Justice Burger pending the filing of a response by the government. The Supreme Court later declined to continue the stay pending the disposition of the filed writ of certiorari. —— U.S. ——, 99 S.Ct. 447, 58 L.Ed.2d 420 (1978). MCI has complied with Judge Greene's order and has transferred the microfilm copies of the applicable documents to the government.

On October 9, 1978, Judge Grady granted the government's motion to modify the protective order in *MCI v. ATT* but stayed its order until October 23, 1978, in order to permit ATT to appeal the order. On October 16, 1978, ATT filed a motion for stay of Judge Grady's order pending disposition of its appeal, a motion for expedited consideration, its brief on appeal, and a conditional writ of mandamus directed to the consideration of the Court in the event that it would hold that Judge Grady's order is not properly appealable as a collateral order. This Court continued the stay of the district court pending disposition of the case on appeal, and heard oral argument on November 20, 1978.

## II. Threshold Inquiry: Finality of The District Court Order

In *Cohen v. Beneficial Industries Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court delineated one of the several exceptions to the general rule that a final judgment is a prerequisite to appeal. The Supreme Court held the given order appealable

> because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.

337 U.S. at 546–47, 69 S.Ct. at 1226.

In *Alexander v. United States,* 201 U.S. 117, 121, 26 S.Ct. 356, 50 L.Ed. 686 (1906), the *Cohen* rule explicitly was not made applicable to orders respecting discovery on the ground that a witness must first refuse to produce or to testify, and must be punished for criminal contempt, before a right to review arises.

■ The discovery order presently under review modifies an existing protective order enabling a nonparty to obtain access to discovered materials. Because the discovery order directs MCI to turn over the discovered materials to the government, ATT does not have the option sanctioned in *Alexander* in order to challenge and stop

the transfer of custody of the materials. For these reasons, this court finds *Alexander* to be inapposite,[1] applies the "collateral order" doctrine of *Cohen,* and holds that the particular species of discovery order under review is final and appealable. *First Wisconsin Mortgage Trust v. First Wisconsin Corp.,* 571 F.2d 390, 393 (7th Cir. 1978) (adopted en banc). For the same reasons, the conditional petition for writ of mandamus filed by ATT is denied.

## III. The Modification of The Protective Order

The order of October 9, 1978, modifying the protective order on the motion of, and for the primary benefit of a nonparty is based on two determinations. First, the district court concluded that allowing the government's motion would not interfere with the control that either it or the District of Columbia court had over their respective cases. Second, the district court expressly declined to rule that ATT would be prejudiced unduly by the modification of the protective order.

Appellant submits, inter alia, that the retroactive modification of a protective order in order to disclose discovered documents to a nonparty is a violation of the spirit and the logic of the Federal Rules of Civil Procedure. Specifically, appellant urges that modification of the protective order after appellant relied on its authority and scope for more than four years unduly prejudices appellant.

■ As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings. F.R. Civ.P. 26(c). In the first instance, it is a matter for the district court to issue protective orders permitting a party to keep secret discovered material when "good cause" is shown. It is also within the discretion of the district court to modify existing protective orders to permit disclosure of discovered materials.

---

1. *See Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10th Cir.), *cert. denied,* 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965). *Cf. Car-* *ter Products, Inc. v. Eversharp, Inc.,* 360 F.2d 868, 871–72 (7th Cir. 1966).

■ The question of whether it is permissible to modify a protective order on the motion of a nonparty in order to permit that nonparty retroactive access to discovered documents is apparently a case of appellate first impression.

On the one hand, several district courts have refused to enter protective orders which prevent disclosure to others litigating similar issues on the grounds that the Federal Rules of Civil Procedure do not foreclose collaboration in discovery, and further, that there was no showing that the moving party was exploiting one case solely to assist in the litigation of another. *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405 (N.D.N.Y.1973); *Williams v. Johnson & Johnson*, 50 F.R.D. 31 (S.D.N.Y.1970).

On the other hand, several other courts have declined to modify protective orders in order to permit a party to turn over discovered documents to a nonparty. In *GAF Corporation v. Eastman Kodak Company*, 415 F.Supp. 129 (S.D.N.Y.1976), the court denied plaintiff's motion for an order allowing it to give to the government 52 documents selected from the hundreds of thousands requested and received in discovery. Plaintiff had concluded that the documents evidenced an antitrust violation. The court reasoned that there had been an explicit understanding between the parties that discovery was being demanded solely for the preparation of the case [2] and in the face of that understanding and the potential augmentation of the government's awesome powers as investigator,[3] an attempt to persuade the government to initiate a suit in this manner would not be countenanced.

■ After a thorough review of the applicable case law, this Court notes that where a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order. While it is not the case that the "sophisticated litigant" cannot take the scope deline-

ated by a protective order "literally" even when "it is in terms subjected to change by further order of the court," nonetheless this Court cannot conclude that the district court erred in permitting modification of the protective order. The exceptional considerations warranting the alteration of an agreed protective order exist in the present case. The government filed its antitrust complaint eight months after the filing of the *MCI* complaint. Since the government filed its complaint against ATT nearly four years ago, there is no showing that the government seeks to exploit *MCI v. ATT* in the prosecution of *USA v. ATT*. In addition, there is no showing that any claim of privilege was waived or that anything discovered by MCI would be protected from a long and costly discovery process in the District of Columbia case. ATT has already transferred the microfilms of documents to the government, pursuant to Judge Greene's order, and thus, the relaxation of the protective order in this case has only the effect of permitting MCI counsel to make the depositions and their analyses of data available to government counsel. We are impressed with the wastefulness of requiring government counsel to duplicate the analyses and discovery already made.

For these reasons, the district court order is affirmed. However, the stay order by this Court pending the disposition of the appeal shall remain in effect until the mandate issues.

---

**2.** *See also United States v. ARA Services, Inc.* 1978–2 Trade Cases ¶ 62, 250 (E.D.Mo.1978).

**3.** *GAF Corp. v. Eastman Kodak Co.*, 415 F.Supp. at 132. *See also Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 1978–1 Trade Cases ¶ 61, 961 (E.D.Pa.1976).