**In The Matter of FRIGITEMP CORPORATION, Bankrupt.**

**Bankruptcy No. 78 B 468 (JL).**

United States Bankruptcy Court, S. D. New York.

Nov. 17, 1981.

Kaye, Scholer, Fierman, Hays & Handler, Louis A. Schapiro, New York City, for The Equitable Life Assurance Society of the United States.

Paul, Weiss, Rifkind, Wharton & Garrison, Kevin J. O'Brien, New York City, for George Davis and IDT Corp.

Gelberg & Abrams, Steven M. Schatz, New York City, Attys. for Lawson F. Bernstein, trustee in Bankruptcy.

## MEMORANDUM—ORDER

JOEL LEWITTES, Bankruptcy Judge.

Equitable Life Assurance Society of the United States ("Equitable") has commenced an action against Arthur Anderson & Co.[1] and others, in the Southern District of New York. Equitable alleges that in that action, it has moved for partial summary judgment relating to certain contracts and transactions between Frigitemp Corporation ("Frigitemp") and the General Dynamics Corporation ("General Dynamics").

The instant application by Equitable seeks to modify a protective order which is part of a settlement agreement ("Agree-

---

1. Arthur Anderson & Co., at one time, performed the accounting services for Frigitemp Corporation, now a bankrupt, whose estate is being administered in the Bankruptcy Court for the Southern District of New York.

ment")[2] entered into by and between Frigitemp, one George Davis, and IDT Corporation ("IDT"), in this Court. That agreement, to which Equitable was not a party, was approved by order of this Court on April 28, 1981.

In particular, Equitable seeks to inspect and photocopy certain transcripts and other documents, sealed pursuant to the aforesaid Agreement, relating to certain examinations, authorized by this Court, of former and current officers of General Dynamics. These fruits of discovery under Bankruptcy Rule 205[3], Equitable maintains, contains certain factual statements and allegations which somehow impact on its pending partial summary judgment against Arthur Anderson & Co.

Equitable's asserted reason for proceeding here as a non-party, to modify the previously bargained for protective order, culminating in the Agreement, is that denial thereof "would be costly and time consuming for ... [Equitable] to re-examine the same facts and issues previously set forth at the General Dynamics Bankruptcy Rule 205 examinations."[4]

One cannot seriously dispute the general proposition that "pre-trial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings."[5] Nevertheless, both the Federal Rules of Civil Procedure and the Bankruptcy Rules recognize that a court, in the proper circumstances, may exercise its discretion to prevent disclosure of discoverable materials.[6]

Here, in approving the Agreement, within which the critical protective order is found, this Court, at least, "implicitly conceded that ... disclosure would unduly harm ..." some of the parties to the Agreement.[7] Indeed, since the parties' "shared an explicit assumption that discovery ... [here] was for purposes", limited to the express terms of the Trustee's court-authorized investigatory powers, that "goes a long way toward denial of ... [Equitable's] request without more."[8] Moreover, we cannot ignore the " 'vital' function the protective order ... played [here] 'to secure the just, speedy and inexpensive determination' " of a possibly long, protracted and expensive litigation between the parties to the agreement[9]; clearly an "objective

**2.** By order dated January 23, 1980, this Court authorized Frigitemp's trustee in bankruptcy to investigate the affairs of Frigitemp, including, *inter alia*, possible claims against IDT and certain of its officers and employees. Prior to the trustee's commencement of litigation against IDT and George Davis, an omnibus settlement was entered into whereby, amongst its provisions, certain claims were compromised and settled by and between the parties, the estate was enriched by $1,400,000, and protective orders were approved by this Court.

**3.** 411 U.S. 1025 *et seq.* It is noteworthy, that quite unlike depositions under Fed.R.Civ.P. 30, Bankruptcy Rule 205 examinations have been likened and countenanced as "fishing expeditions" and "inquisitions" where "procedural safeguards of witnesses are at a minimum." *Matter of duPont Walston Incorporated, f/k/a Walston & Co., Inc., 4 Bankr.Ct.Dec.* 61, 63 (S.D.N.Y.1978) (Bankruptcy Court). Accordingly, much matters that would be undiscoverable under Fed.R.Civ.P. 30 would be unassailable within the less fettered "discovery" procedures under Bankruptcy Rule 205. This factor alone, militates against any assumption that the parties to the Agreement could be held to have foreseen that the contents of the Bankruptcy Rule 205 depositions here would be di-

vulged in an independent and plenary action without an exceptional showing therefor.

**4.** See Equitable's instant application for relief at 2–3. The Trustee takes no position with respect to Equitable's application.

**5.** *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.) *cert. denied*, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979).

**6.** See Fed.R.Civ.P. 26(c) and Bankruptcy Rule 918, 411 U.S. 1099, respectively.

**7.** *Cf. Iowa Beef Provisions Inc. v. Bagley*, 601 F.2d 949, 954 (8th Cir.), *cert. denied*, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979) (a case under the provisions of Fed.R.Civ.P. 26 [c]).

**8.** *G.A.F. Corp. v. Eastman Kodak Co.*, 415 F.Supp. 129, 132 (S.D.N.Y.1976).

**9.** *Cf. Grumman Airspace Corp. v. Titanium Metals Corp.*, 91 F.R.D. 84, 87 (S.D.N.Y.1981) (*citing* and *quoting* from *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291, 295 [2d Cir. 1979]).

[which] represents the cornerstone of our administration of civil justice." [10]

This is, of course, not to say that under the proper circumstances modification of a protective order by a non party to a protective order may not be justified.[11] We hold only, under the factual pattern here, that the minimal economy sought by Equitable, in short cutting normal discovery processes, does not demonstrate a basis for emasculating the comprehensive Agreement relied upon by the signatories thereto.

Accordingly, this Court, in its discretion, denies Equitable's application for modification of the instant protective order.

SO ORDERED.

10.  *Martindell v. International Telephone & Telegraph Corp. supra,* at 295.

11.  *Contrast e. g. American Telephone & Telegraph Co. v. Grady,* note 5 *supra* at 597 *with Wilk v. American Medical Ass'n.,* 635 F.2d 1295, 1300 (7th Cir. 1981).