Barbara DeJONG, et al., Plaintiffs,

v.

**BELL HELICOPTER TEXTRON, INC.,
et al., Defendants.**

Barbara DeJONG, et al., Plaintiffs,

v.

**W. PAT CROW FORGINGS,
INC., Defendant.**

Nos. 86–3504–CV–S–2, 87–3483–CV–S–2.

United States District Court,
W.D. Missouri, S.D.

April 22, 1988.

Michael J. Pangia, Gilman, Olson & Pangia, Washington, D.C., Carol J. Hansen Fines, Giffin, Winning, Lindner, Cohen & Bodewes, P.C., Springfield, Ill., James Dalton, Jefferson City, Mo., for plaintiffs.

Wendell E. Koener, Jr., Brown, Douglas, & Brown, St. Joseph, Mo., for W. Pat Crow Forgings, Inc.

Joseph A. Sherman, Sherman, Wickens, Lysaught & Speck, P.C., Kansas City, Mo., for Bell Helicopter Textron.

Douglas N. Ghertner, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for Frisby Airborne.

John W. Cowden, Karl F. Schmidt, R. Christopher Abele, Morrison, Hecker, Curtis, Kuder, & Parrish, Kansas City, Mo., for Thermo Nat. Industries, Inc.

## · ORDER

COLLINSON, Senior District Judge.

Separate defendant Bell Helicopter Textron, Inc. (Bell) has filed a motion for a protective order pursuant to Fed.R.Civ.P. 26(c)(7).[1] On November 25, 1987, plaintiffs filed a motion pursuant to Rule 37(a), Fed. R.Civ.P. to compel defendant Bell to respond to plaintiffs' First Set of Interrogatories and Request for Production. On December 8, 1987, the plaintiffs filed their "rebuttal" of defendant Bell's suggestions in opposition to the aforementioned motion to compel. Both of plaintiffs' pleadings argue that a protective order, or at least one as restrictive as the proposed one suggested by Bell, is unnecessary and would "in fact improperly [shift] a major burden onto plaintiffs [contrary to the spirit and intent of Rule 26]."

The Eighth Circuit has offered some criteria to consider when a court is requested to issue a protective order:

Fed.R.Civ.P. 26(c) requires that "good cause" be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements * * *." Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264–65. Such determination must also include a connsideration of the relative hardship to the non-moving

party should the protective order be granted. *See generally United States v. Kordel,* 397 U.S. 1, 4–5, 90 S.Ct. 763, 765 [25 L.Ed.2d 1] (1970).

*General Dynamics Corporation v. Selb Manufacturing Co.,* 481 F.2d 1204 (8th Cir.1973).

As a general rule, pretrial discovery proceedings are conducted in public unless compelling reasons exist to deny public access. *American Telephone & Telegraph Co. v. Grady,* 594 F.2d 594, 596 (7th Cir. 1979). As a matter of course, the Rules generally favor disclosure over non-disclosure so to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicalbe extent." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077.

Having said that, the Court must nonetheless anticipate that a case of this type might necessitate some type of restriction as allowed by Rule 26. Some sort of procedure in contemplation of such a contingency should be set out now.

The Court has examined both of the proposed protective orders offered by the two parties. While the Court is not quite convinced that the order offered by Bell would be as onerous as plaintiff suggests, the Court is of the mind that plaintiff's proposed order better meets with the spirit and intent of Rule 26(c) and the applicable case law.

Accordingly, it is hereby

ORDERED that a protective order be issued; and the Court hereby incorporates by reference, as if set forth herein word for word, the proposed order offered by the plaintiffs and attached to their pleading dated December 8, 1987. The Court of course reserves the right to amend any of the terms of said order at any time. Plaintiffs shall immediately serve all attorneys

---

1. Rule 26(c)(7) provides, in part, that:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confidential research, development, or commercial information shall not be disclosed or be disclosed only in a designated way.

of record with a true copy of such order. It is further

ORDERED that Bell's motion for a protective order is therefore granted in part and denied in part, the protective order issued not being the particular one suggested by defendant Bell. It is further

ORDERED that Bell respond to the discovery requests of the plaintiffs which precipitated these motions in a manner consistent with the terms of this Court's protective order. Plaintiffs' motion to compel is accordingly denied as being moot.