**In re THRIFTY DUTCHMAN, INC., Debtor.**

**Bankruptcy No. 87–02702–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Jan. 4, 1989.

Irving M. Wolff, Holland & Knight, Miami, Fla., for debtor.

Allan N. Elster, North Miami Beach, Fla., for the Union.

Janie Locke Anderson, Coll Davidson Carter Smith Salter & Barkett, P.A., Miami, Fla., Michael G. O'Neill, Gen. Counsel, Florida Supermarkets, Inc., New York City, for Florida Supermarkets, Inc.

### ORDER DETERMINING DEPOSITIONS TO BE PUBLIC PROCEEDING

A. JAY CRISTOL, Bankruptcy Judge.

This matter having come before the court for telephone hearing on December 30, 1988 and for further hearing on January 3, 1989, upon the Emergency Motion for Authority to Attend Deposition and Request for Telephone Hearing (the "Motion"), filed by Florida Supermarkets, Inc. Adequate notice was given. The court heard argument of counsel and having considered the motion and case law presented to it, and having found and concluded that Florida Supermarkets, Inc. is not a party in interest and being otherwise fully advised in the premises, further determines that *depositions are public proceedings to which the public has access unless compelling reasons exist for denying access,*

**112**

*see American Telephone & Telegraph Co. v. Grady,* 594 F.2d 594 (7th Cir.1979) and 11 U.S.C. § 107. As a member of the public, Florida Supermarkets, Inc. is permitted and authorized to attend depositions noticed and conducted in this or any bankruptcy proceeding. The debtor has not shown good cause for excluding Florida Supermarkets, Inc. from the debtor's deposition of the Hotel Employees and Restaurant Employees International Union. Accordingly, it is

ORDERED as follows:

The motion is granted.