ANONYMOUS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7199–06.          Filed September 6, 2006.

■■■■■■■■■■■■

*Sealed,* for petitioner.
*Sealed,* for respondent.

OPINION

KROUPA, *Judge:* This matter is before the Court on petitioner's motion to seal court records. Petitioner requests us to seal the record in this case and permit petitioner to proceed anonymously. Petitioner has demonstrated a significant risk of physical harm to petitioner and petitioner's family members if the record were to remain open. We conclude that it is appropriate to seal the record and permit petitioner to proceed anonymously.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner is a foreign national. At the time petitioner filed the petition, petitioner resided outside the United States. A member of petitioner's family was kidnapped and held for ransom several years ago. Kidnappings are a rampant problem in the country where petitioner and most of petitioner's family reside. Petitioner fears that petitioner or other members of petitioner's family might also be kidnapped and their lives placed in jeopardy if petitioner's identity or petitioner's financial circumstances were made public in this case. Petitioner filed the motion to seal court records at the same time petitioner filed the petition.

## Discussion

We shall begin by describing the general presumption of openness that attaches to judicial proceedings. Generally, official records of all courts shall be open and available to the public for inspection and copying. *Nixon v. Warner Commcns., Inc.,* 435 U.S. 589, 597 (1978); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 101 F.R.D. 34, 38 (C.D. Cal. 1984). Hearings and the evidentiary

record of proceedings before this Court shall be open to the public. Secs. 7458, 7461(a). Common law, statutory law, and the U.S. Constitution all support this important principle. *Nixon v. Warner Commcns., Inc., supra; Willie Nelson Music Co. v. Commissioner,* 85 T.C. 914, 918 (1985); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., supra.* The right to inspect and copy judicial records, however, is not absolute. *Nixon v. Warner Commcns., Inc., supra* at 598. Courts have supervisory power over their own records and files, and access to records has been denied where the court files might become a vehicle for improper purposes. *Id.*

*Sealing the Record*

This Court has broad discretionary power to control and seal, if necessary, records and files in our possession. *Willie Nelson Music Co. v. Commissioner, supra.* We may, in our discretion, seal the record or portions of the record if justice so requires and the party seeking such relief demonstrates good cause. Sec. 7461(b)(1); Rule 103(a); *AT&T Co. v. Grady,* 594 F.2d 594, 596 (7th Cir. 1978); *Willie Nelson Music Co. v. Commissioner, supra* at 920; *Tavano v. Commissioner,* T.C. Memo. 1991–237, affd. 986 F.2d 1389 (11th Cir. 1993). To determine whether sealing the record is appropriate, we must weigh the presumption, however gauged, in favor of public access to judicial records against the interests advanced by the parties. *Nixon v. Warner Commcns., Inc., supra* at 602; *AT&T Co. v. Grady, supra* at 598; *Willie Nelson Music Co. v. Commissioner, supra* at 919.

Taxpayers seeking to seal court records must come forward with appropriate testimony and factual data to show good cause. *Estate of Yaeger v. Commissioner,* 92 T.C. 180, 189 (1989); *Willie Nelson Music Co. v. Commissioner, supra* at 920 (citing *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982); *United States v. United Fruit Co.,* 410 F.2d 553, 557 n.11 (5th Cir. 1969)); *Tavano v. Commissioner, supra.* Taxpayers may not rely on conclusory or unsupported statements to establish claims of harm that would result from disclosure. *Willie Nelson Music Co. v. Commissioner, supra* at 920; *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., supra* at 44.

Good cause has been demonstrated and records sealed where patents, trade secrets, or confidential information are involved or where an individual's business reputation will be hurt. See *In re Smith,* 656 F.2d 1101 (5th Cir. 1981) (striking an individual's name from factual resumes on due process grounds as resumes were prepared in criminal proceeding where the individual was not indicted); *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458 (10th Cir. 1980) (sealing portions of record involving documents alleged to be subject to attorney-client privilege or work product doctrine); *In re Sarkar,* 575 F.2d 870 (C.C.P.A. 1978) (sealing record involving patent application proceeding so that the information would remain a trade secret in the event of an adverse decision); *Sendi v. Prudential-Bache Sec.,* 100 F.R.D. 21 (D.D.C. 1983) (sealing parties' tax returns to protect confidentiality and privacy interests). Merely asserting annoyance, embarrassment, or harm to a person's personal reputation, however, is generally insufficient to demonstrate good cause and overcome the strong common law presumption in favor of access to court records. *Willie Nelson Music Co. v. Commissioner, supra* at 921, 925 (record not sealed where nationally known entertainer sought to avoid public scrutiny or news coverage of case); *Tavano v. Commissioner, supra* (record not sealed where taxpayer had civil suit pending against employer and did not want employer to learn facts of case).

Petitioner submitted affidavits together with supporting documentation that demonstrate the severe degree of harm petitioner and petitioner's family members would risk if we did not seal the record. These affidavits and documentation show that a member of petitioner's family was kidnapped several years ago and that kidnapping is rampant in the country where petitioner and most of petitioner's family reside. Petitioner fears that publicizing petitioner's identity and financial circumstances will increase the risk that either petitioner or a member of petitioner's family will be the target of another kidnapping and that petitioner's life or the lives of petitioner's family will be placed in jeopardy. We find these facts compelling. Petitioner has demonstrated through these affidavits that physical harm has actually been inflicted against a member of petitioner's family, and there is a risk that the same type of physical harm may be

inflicted upon petitioner or another member of petitioner's family.

We must evaluate this risk of physical harm against the public interest in access to judicial records. See *Nixon v. Warner Commcns., Inc., supra* at 602; *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1069 (9th Cir. 2000); *AT&T Co. v. Grady, supra* at 596; *Willie Nelson Music Co. v. Commissioner, supra* at 919. After careful consideration of the facts of this case, we find that the balance favors petitioner. The risk of extreme physical harm to petitioner and petitioner's family outweighs the countervailing public interest favoring open judicial proceedings.

*Permission To Proceed Anonymously*

Petitioner also requests permission to proceed anonymously. There is no provision in our Rules that permits a taxpayer to proceed anonymously.[1] The Rules generally require taxpayers' names to be included on pleadings and other papers filed with the Court. See Rules 32(a) (requiring a party's name to be set forth on pleadings), 23(a) (requiring all papers filed to contain the full name and surname of each petitioner), 60(a) (requiring a case be brought by and in the name of a person against whom the Commissioner determined the deficiency in the case of a deficiency notice).

When there is no applicable Rule, we may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent adaptable to the matter at hand. Rule 1(a). Where our Rules are silent, we have looked to the Federal Rules of Civil Procedure and cases in other Federal courts interpreting the Federal Rules of Civil Procedure for guidance. See *Willie Nelson Music Co. v. Commissioner,* 85 T.C. at 917 (looking to decisions interpreting rule 26(c) of the Federal Rules of Civil Procedure for guidance in interpreting Rule 103(a)); *Allen v. Commissioner,* 71 T.C. 577, 579 (1979).

Several U.S. Courts of Appeals have permitted litigation to proceed anonymously. See, e.g., *Does I Thru XXIII v.*

---

[1] Written determinations of the Commissioner such as rulings, determination letters, technical advice memoranda or Chief Counsel Advice and background file documents are generally made public with certain deletions of names, addresses, and other identifying information. Sec. 6110(a), (c). A person may act to restrain disclosure of these materials, however, under the procedures set forth in sec. 6110(f).

*Advanced Textile Corp., supra* at 1067; *James v. Jacobson,* 6
F.3d 233, 238 (4th Cir. 1993); *Doe v. Stegall,* 653 F.2d 180,
185–186 (5th Cir. 1981). The Supreme Court and the U.S.
Court of Appeals for the District of Columbia Circuit have
occasionally permitted anonymous litigation to proceed.
*Qualls v. Rumsfeld,* 228 F.R.D. 8, 10 (D.D.C. 2005) (citing
*Roe v. Wade,* 410 U.S. 113 (1973), and *Doe v. Sullivan,* 938
F.2d 1370, 1374 (D.C. Cir. 1991)).

The decision whether to allow parties to proceed anony-
mously is in the discretion of the trial court. *James v.
Jacobson, supra* at 238. A party may generally proceed
anonymously when the trial court reasonably determines
that the need for anonymity outweighs the prejudice to the
opposing party and the general presumption that the parties'
identities are public information. See *Does I Thru XXIII v.
Advanced Textile Corp., supra* at 1068. Some factors to be
considered in deciding whether a party may proceed anony-
mously include whether the party challenges governmental
activity, whether the party is required to disclose information
of the utmost intimacy, and whether the party is compelled
to admit his or her intention to engage in illegal conduct. *Doe
v. Stegall, supra* at 185.

Petitioner has a unique need for anonymity in this case.
Petitioner fears that physical harm may come to petitioner or
petitioner's family and their lives placed in jeopardy if
petitioner's identity or financial circumstances were made
public in this case. We weigh this risk of physical harm
against the risk of prejudice to respondent and the public
interest in knowing the parties' identities. See *Does I Thru
XXIII v. Advanced Textile Corp., supra* at 1068. We hold that
petitioner may preserve anonymity in the special cir-
cumstances of this proceeding because petitioner's need for
anonymity outweighs prejudice to the opposing party and the
public interest in knowing the identities of parties to judicial
proceedings. There is little risk of prejudice to respondent
here. Petitioner wants only to keep the information from
public view. Petitioner is willing to provide sealed copies of
documents to respondent. Further, the risk of severe physical
harm to petitioner and petitioner's family outweighs the gen-
eral public interest in knowing the parties' identities. Accord-
ingly, we conclude that the balance is in petitioner's favor,
and petitioner may therefore proceed anonymously.

*Prior Public Disclosure of Information*

Respondent objects to sealing the record here because some of the information has already been disclosed in a different judicial forum, and the records of that forum have not yet been sealed. Respondent argues that we therefore cannot maintain or protect petitioner's privacy due to the previous disclosure. We disagree. The public availability of some facts in another forum should not bar protection against the risk of future harm caused by disclosure in this Court. See *Does I Thru XXIII v. Advanced Textile Corp., supra* at 1069 n.11 ("Past acts of bravery in the face of danger is poor rationale for denying the courageous individual protection against future harm."); *Estate of Yaeger v. Commissioner,* 92 T.C. at 183, 190. The prior disclosure of some information does not preclude our decision to seal the record in this Court and permit petitioner to proceed anonymously.

*Conclusion*

After a careful review of the facts and circumstances of this case, we find that the demonstrated risk of severe physical harm to petitioner and petitioner's family outweighs the public interest in access to judicial records and to the identities of the parties. There is little prejudice to respondent in permitting petitioner to proceed anonymously. Accordingly, we shall grant petitioner's motion to seal the entire record and permit petitioner to proceed anonymously. We do not address whether or to what extent any later opinions in this case will be sealed.

To reflect the foregoing,

*An appropriate order will be issued.*