T.C. Memo. 2010-87



UNITED STATES TAX COURT



ANONYMOUS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6851-08.                    Filed April 22, 2010.


<u>Sealed</u>, for petitioners.

<u>Sealed</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge:  This record has been sealed[1] pursuant to section 7461(b)[2] and Rule 103.  Respondent determined a deficiency of $5,903 in petitioners' Federal income tax for the tax year 2006.  After concessions,[3] the Court must decide the following issues:  (1) Whether petitioners are entitled to deduct under section 170, as charitable contributions, $25,050 in wire transfers[4] petitioner wife made to her mother's cousin, who distributed the money for the benefit of the Catholic Church of a foreign country; and (2) whether petitioners are entitled to deduct under section 170 the airfare expense petitioner wife incurred while rendering services to Catholic churches in a foreign country.

---

[1]On Jan. 30, 2009, this Court ordered the present record to be sealed pursuant to sec. 7461(b) and Rule 103 because the risk of extreme physical harm to petitioners outweighed the public interest to have access to the court records.  The record demonstrated that petitioner wife already suffered actual harm, and there would be risk of the same physical harm being inflicted upon petitioner wife if the public had access to the records.  See Anonymous v. Commissioner, 127 T.C. 89 (2006).

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Respondent conceded the other charitable contribution deductions petitioners claimed for the tax year 2006.

[4]Petitioner wife wired an aggregate of $25,050 but claimed $25,100 as a charitable contribution deduction on petitioners' 2006 tax return.  The amount at issue should then be $25,050.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner husband and petitioner wife timely filed a joint tax return for the taxable year 2006. Respondent issued a notice of deficiency dated December 17, 2007, disallowing certain charitable contribution deductions they claimed for 2006. Most of the disallowed deductions originated from petitioner wife's donations and charity work for the benefit of Catholic churches and their members in a foreign country. Petitioners, who resided in Texas, timely filed a petition. Petitioner husband did not appear in person at the trial of the case; petitioners retained counsel to represent them.

Petitioner wife was born in a foreign country. Her parents were devout Catholics. Her father served as an officer in that country's army during the conflict with the guerilla forces. Petitioner wife was a young girl when the guerrilla forces initiated a military campaign. Petitioner wife's uncle was a Catholic priest in her hometown. When the guerrilla forces seized her hometown, petitioner wife witnessed over 400 of her fellow Catholics, including her uncle and other citizens of her hometown, being buried alive. Petitioner wife managed to escape the massacre. Nonetheless, the guerrilla forces destroyed much

of her hometown, including the Catholic church and seminary. The foreign country's government eventually fell. Petitioner wife and her family later escaped from their country to the United States. Petitioner wife later married petitioner husband. Petitioner wife is now a U.S. citizen. She is a member of a church that belongs to the local Catholic diocese near her home in Texas.

In 1996 petitioner wife completed her college education and was hired as an engineer at an international corporation. After completing college she returned to her native country and witnessed extreme poverty. Her experience motivated her to contribute money and services to help rebuild Catholic churches in that country. These Catholic churches in her native country provided food, education, and shelter to the poor. During one of her trips to her native country, the local police detained and interrogated petitioner wife about her activities in the town where she was born and raised. The police also informed petitioner wife that they had been monitoring her whereabouts in the country and were aware of her family's support for the former government, mentioning these facts: Her father had served as an officer in the former government's army and later was reeducated by the present government after the former government fell; and her uncle had worked for Catholic churches and died during the siege of petitioner wife's original hometown.

Fearing for her life, petitioner wife devised a plan to disguise her contributions to Catholic churches in her native country. She would wire the money to the personal bank account of her mother's cousin (cousin) who lived in petitioner wife's original hometown. The cousin then transferred the money to selected Catholic churches in that country. Other than her membership in a Catholic church, the cousin does not have any formal role with the Catholic seminary or any other Catholic institutions located in that country. Petitioner wife wired to the cousin's account $8,025, $4,000, $5,000, and $8,025 during the tax year 2006. Petitioners claimed those amounts as charitable contribution deductions on their joint income tax return for 2006. Petitioners also claimed a charitable contribution deduction of $1,025 for the airplane ticket petitioner wife purchased in 2006 to travel to her native country and provide services to Catholic churches of that foreign country.

During her visits to her native country, petitioner wife did not work on behalf of her local church while she was rendering any charitable services to Catholic churches in that country. However, she had informed her pastor of her financial contributions and her services to Catholic churches in her native country. In November 2007 petitioner wife became a member of a section 501(c)(3) organization that supports the work of

missionaries in her native country.  Contributions to or for the use of that organization may be deductible under section 170.

OPINION

Section 170 allows taxpayers to claim a deduction for a charitable contribution if the contribution is made to or for the use of a qualified organization.  Only as a matter of legislative grace may a taxpayer claim a deduction.  See INDOPCO, Inc. v. Commmissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).  Petitioners bear the burden of proving that they are entitled under section 170 to the claimed charitable contribution deductions for wire transfers to the cousin, who distributed the money for the benefit of Catholic churches in a foreign country and for any travel expenses petitioner wife incurred in the performance of her charitable services in that country under section 170.  Petitioners have failed to demonstrate that the wire transfers to the cousin and the expenses petitioner wife incurred in aiding the needy in a foreign country are deductible under section 170 as donations to qualified donees.  Section 170(c)(2) identifies an eligible recipient of a charitable deduction as "a corporation, trust, or community chest, fund, or foundation * * * created or organized in the United States or * * * under the law of the United States".  Therefore, this Court concludes that petitioners are

not entitled to their claimed charitable contribution deductions under section 170.

I. <u>Wire Transfers to a Foreign Country</u>

Petitioners contend that petitioner wife's wire transfers are deductible under section 170.  Petitioners argue that the ultimate beneficiary of the wire transfers was the Roman Catholic Church, a qualified donee under section 170(c)(2), and that petitioner wife thus made the wire transfers to or for the use of a qualified organization.

Relying on <u>Winn v. Commissioner</u>, 595 F.2d 1060 (5th Cir. 1979), affg. in part and revg. in part 67 T.C. 499 (1976), petitioners dispute respondent's contention that the transfers went to or for the use of an organization in a foreign country. This Court disagrees with petitioners that they donated the proceeds of the wire transfers to or for the use of a qualified organization under section 170(c)(2).

Section 170(c)(2) defines "charitable contribution" as a contribution or gift "to or for the use of" an organization "created or organized in the United States * * * or under the law of the United States".  The Court of Appeals for the Fifth Circuit, reversing in part the Tax Court decision in <u>Winn v. Commissioner</u>, <u>supra</u>, held that the taxpayers made a deductible charitable contribution of funds for the use of the Benoit Presbyterian Church, which was created in the United States,

where an officer of the church received the donation at an event it sponsored and subsequently those funds were used, as the church intended, to support missionary work in a foreign country. The Winn case differs from the present case. Petitioner wife did not make the wire transfers to or for the use of an organization created or organized in the United States or under the laws of the United States. Petitioner wife's contributions were made to her mother's cousin, who distributed them for the benefit of foreign Catholic churches. Therefore, her wire transfers of $25,050 are not deductible as charitable contributions.

Petitioners posit that the Catholic Church is a universal organization, and therefore Catholic churches in petitioner wife's native country are qualified as donees under section 170. Petitioners' argument is flawed. On this record, the Court has no basis to find that the Catholic churches in that foreign country to which petitioner wife's wire transfers were distributed were created or organized in the United States or under the laws of the United States. The language of section 170(c)(2) is explicit, and this Court must follow such plain language.

In arguing that the wire transfers were made for the use of a qualified organization, petitioners rely on Davis v. United States, 495 U.S. 472 (1990). In Davis, the Supreme Court interpreted the phrase "for the use of" a qualified organization

to connote that the donation be to a legally enforceable trust or a similar legal arrangement for the benefit of the qualified organization.  Id. at 485.  The charitable beneficiary must have a legal right to constrain the trustee to comply with the terms of the trust relationship.  Id. at 483.

Petitioners misinterpret Davis.  Even if the Court were to assume for the sake of argument that the cousin received the wire transfers in trust for the benefit of Catholic churches in that foreign country, the Court has already concluded that these churches have not been shown to qualify as organizations under section 170(c)(2) and therefore that petitioners' case does not come within the purview of Davis.  Thus, no charitable contribution deduction for the wire transfers is allowable under section 170(c)(2).

## II. Airfare to a Foreign Country

Petitioners claim the cost of petitioner wife's airfare as a deductible unreimbursed expenditure incurred in the rendition of services to a qualified organization under section 170.  This Court disagrees with petitioners.  A taxpayer is permitted to deduct under section 170 an unreimbursed expenditure made incident to the rendition of services to an organization that is a qualified recipient of charitable contributions.  Sec. 1.170A-1(g), Income Tax Regs.  These expenditures include transportation

expenses and reasonable expenses for meals and lodging while away from home.  Id.

Petitioners assert that the unreimbursed expenditure incident to petitioner wife's services during the year in controversy should be deductible under section 170 because petitioner wife worked on behalf of several qualified organizations.  Nonetheless, petitioners have failed to show that any of the Catholic churches in the foreign country to which petitioner wife's rendered services is a qualified organization within the meaning of section 170(c)(2).  Petitioners also assert that petitioner wife provided missionary services on behalf of her local Catholic diocese.  Nonetheless, her local diocese did not have control over petitioner wife's services provided to the Catholic churches in the foreign country, and no legally enforceable trust or similar legal arrangement existed between her local church (as a member of that diocese) and petitioner wife.  See Davis v. United States, supra at 485.  Petitioner wife did not render services in the foreign country under the direction of, or to or for the use of her local church or the local diocese.  The record shows only that her priest at her local church had some awareness of her work in her native country.  Nor is there any evidence that petitioner wife provided those services during the year in controversy to or for the use

of the section 501(c)(3) organization of which she did not become a member until 2007.

Conclusion

The Court finds petitioner wife's testimony to be sincere and has no doubt that her actions were brave and heartfelt. However, petitioners have failed to prove that they contributed to a qualified organization under section 170. Consequently, petitioners are not entitled to their claimed charitable contribution deductions for 2006.

Decision will be entered

under Rule 155.