Halpern, J., concurring: “Snitches get stitches.” No doubt we can infer Congress’ awareness of that old piece of advice when it provided a public forum (the Tax Court) in which a whistleblower might seek review of her claim that the Commissioner erred in not paying her for fingering a tax cheat or detecting someone’s underpayment of tax. While the majority has done an admirable job in assembling the law regarding confidentiality, I do not believe that it has adequately considered whether, in the face of Congress’ choice of a public forum for such actions, we should craft what amounts to a rule of law shielding whistleblowers still in the workforce from identification. The evidence the majority relies on to support its conclusion that identifying petitioner could adversely affect her[1] employment prospects is petitioner’s affidavit that her present employer, and any prospective employer, would not want to employ someone known to be a snitch. Majority op. pp. 185, 203-204. That conclusion seems correct, but not because petitioner has proven that she, particularly, among whistleblowers remaining in the workforce, would face employment discrimination were we to reveal her identity, but because her claim rings true, as a matter of common sense, for all whistleblowers remaining in the workforce whose identity is revealed. While the majority suggests that the public’s interest in knowing a whistleblower’s identity might be stronger in a case, unlike this one, that is not disposed of on respondent’s motion for summary judgment, the majority has identified a class of whistleblowers (those in the workforce) whose requests for anonymity would, I assume (following the majority’s opinion), be granted, at least in the early stages of a case.[2] Without contradicting this case, what additional evidence might we demand of the next whistle-blower coming before us, expressing a genuine fear of employment discrimination, and asking for at least temporary anonymity? The privacy protections afforded by statute to those participating in, or affected by, whistleblower actions may be inadequate. For instance, the National Taxpayer Advocate recommended to Congress in 2010 that it amend the Internal Revenue Code to require redaction of third-party return information in administrative and judicial proceedings relating to whistleblower claims. National Taxpayer Advocate, 2010 Annual Report to Congress 396-399 (2010) (Legislative Recommendation: Protect Taxpayer Privacy in Whistle-blower Cases). One could argue that Congress intended whistleblowers to bear the privacy risks inherent in asking for review of their whistleblower claims in a public forum (the Tax Court). But if Congress did not intend that, and because we are writing a rule rather than disposing of a single case, I think it best we leave the fix to Congress. I have concurred in the result in this case because I think that we should give whistleblowers contemplating a section 7623(b)(4) action fair notice that we will not automatically grant anonymity upon a claim of possible employment discrimination. Were we to decide this case as I would, dissatisfied whistleblowers with a fear of employment discrimination would, before filing a petition with the Court, weigh the expected dollar return from commencing a section 7623(b)(4) action against the expected cost (measured in dollars) of the disadvantages associated with the public disclosure of information that ordinarily becomes part of the case file and the public record in a Tax Court case. Some whistle-blowers may find that the expected costs outweigh the expected benefits.[3] Until (and unless) Congress acts, I believe that is the best we can offer. Wherry and Holmes, JJ., agree with this concurring opinion. I use feminine personal pronouns as a convenience with no intent to identify petitioner’s gender. That is because the risk of identification as a whistleblower and, thus, the risk of employment discrimination, exists from the beginning of a case, since, as an administrative matter, to identify whistleblower cases, we add to the docket number of each such case the letter “W”. I do not, however, rule out anonymity upon a sufficient, fact-specific showing. See, e.g., Anonymous v. Commissioner, 127 T.C. 89 (2006).