T.C. Memo. 2014-93

UNITED STATES TAX COURT

WHISTLEBLOWER 13412-12W, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13412-12W.　　　　　　　Filed May 20, 2014.

<u>Sealed</u>, for petitioner.

<u>Sealed</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on the whistleblower's

motion to proceed anonymously under Rule 345(a).[1]  The whistleblower has

_____

[1]All section references are to the Internal Revenue Code in effect for all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
(continued...)

[*2] satisfied the burden of showing that the risk of harm to the whistleblower outweighs the public interest in knowing the whistleblower's identity. We will grant the motion and order that the record in this case remain sealed until further order of this Court.

Background

The following information is stated only for purposes of resolving the pending motion and not for purposes of establishing the validity of the whistleblower's claim.

Petitioner is a whistleblower that reported tax violations by the whistleblower's former employer (target) to respondent. The whistleblower disclosed the nature of the tax violations and provided legal analysis and reasoning for respondent to proceed against target. Nonetheless, respondent issued the whistleblower a letter indicating that he was unable to collect any amounts on the whistleblower's claim. The whistleblower filed the petition seeking judicial review of respondent's determination.

The whistleblower is retired and receives retirement benefits from target. The whistleblower asserts that the whistleblower should be permitted to proceed

[1](...continued)
Procedure, unless otherwise indicated.

**[*3]** anonymously because, if the whistleblower's identity is disclosed, target will seek retribution. Specifically, the whistleblower asserts that target could withhold or terminate the whistleblower's retirement benefits. The whistleblower relies on the retirement benefits and without them would be forced to seek future employment. Additionally, the whistleblower alleges that, if the whistleblower's identity is revealed, the whistleblower will suffer professional ostracism, harm and job-related harassment because other potential employers will unlikely want to hire or employ a known tax whistleblower. Finally, the whistleblower asserts that the motion should be granted because target may suffer financially if the details of the whistleblower's claim are publicized.

The whistleblower filed the motion to proceed anonymously at the same time the whistleblower filed the petition. Respondent did not file an objection to the motion.

## Discussion

We must decide whether the whistleblower has satisfied the burden of showing that the risk of harm to the whistleblower outweighs the public interest to have access to the whistleblower's identity. Deciding this issue will affect whether the whistleblower may proceed anonymously.

**[\*4]** Recently, this Court adopted Rule 345 to create a mechanism to preserve the anonymity of whistleblowers and non-party taxpayers. Whistleblowers seeking to proceed anonymously must file a motion with this Court setting forth a sufficient fact-specific basis for anonymity. Rule 345(a). The petition and subsequent filings are temporarily sealed pending a ruling by the Court on the motion to proceed anonymously. Id. A whistleblower is permitted to proceed anonymously if the whistleblower presents a sufficient showing of harm that outweighs counterbalancing societal interests in knowing the whistleblower's identity. See Whistleblower 14106-10W v. Commissioner, 137 T.C. 183 (2011); see also Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). The decision whether to allow a party to proceed anonymously rests within the sound discretion of the trial court. Anonymous v. Commissioner, 127 T.C. 89, 94 (2006); see James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); see also sec. 7461(b)(1).

This Court has granted a whistleblower's request to proceed anonymously where the whistleblower was susceptible to professional stigma, retaliation and economic duress. See Whistleblower 14016-10W v. Commissioner, 137 T.C. at 203-204 (granting the whistleblower's motion to proceed anonymously, in part, because disclosing the whistleblower's identity could have adversely affected the

**[\*5]** whistleblower's current and future employment). Moreover, this Court has granted a motion to proceed anonymously where the taxpayer faced a risk of severe physical harm if the taxpayer's identity was revealed. See Anonymous v. Commissioner, 127 T.C. at 94 (holding that risk of "severe physical harm" to the taxpayer and taxpayer's family outweighed the general public interest in knowing the taxpayer's identity). The Court's decisions are consistent with the IRS Whistleblower Office general administrative practice of keeping whistleblowers' identities confidential. See Whistleblower 14106-10W v. Commissioner, 137 T.C. at 205.

Although we have reservations about the alleged harm, we will err on the side of caution and grant the whistleblower's request to proceed anonymously. The whistleblower has satisfied the whistleblower's factual burden to proceed anonymously. The facts alleged in the petition and the declaration attached to the motion to proceed anonymously demonstrate that disclosure of the whistleblower's identity could result in the risk of retaliation, social and professional stigma and economic duress. If target learned the whistleblower's identity, it could possibly withhold or terminate the whistleblower's retirement benefits. We are aware, however, that distributions from an employer's retirement plans are governed by the plan's provisions and an independent trustee that has

**[\*6]** fiduciary obligations. The whistleblower relies on the retirement benefits and without them would be forced to seek future employment. Moreover, because the whistleblower would be a known whistleblower, the whistleblower might face professional ostracism and difficulty securing future employment. In short, the nature of the potential harm to the whistleblower outweighs the societal interest in knowing the whistleblower's identity.

For the foregoing reasons, we will grant the whistleblower's motion to proceed anonymously, and the record in this case will remain sealed until further order of the Court.

An appropriate order will be issued.