T.C. Memo. 2014-94

UNITED STATES TAX COURT

WHISTLEBLOWER 10949-13W, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10949-13W.                      Filed May 20, 2014.

<u>Sealed</u>, for petitioner.

<u>Sealed</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on the whistleblower's

motion to proceed anonymously under Rule 345(a).[1][2]  The whistleblower has

_____

[1]The Court is issuing this Memorandum Opinion because there is a lack of whistleblower caselaw.

[2]All section references are to the Internal Revenue Code in effect for all

(continued...)

**[\*2]** demonstrated that proceeding anonymously is necessary to protect the whistleblower's professional reputation, economic interests and personal safety. We will grant the motion and order that the record in this case remain sealed until further order of this Court.

Background

The following information is stated only for purposes of resolving the pending motion and not for purposes of establishing the validity of the whistleblower's claim.

Petitioner is a whistleblower that reported a tax fraud scheme to the Government. During the whistleblower's employment, the whistleblower learned of a tax structure involving the whistleblower's employer and several related entities and subsidiary companies (targets). When the whistleblower raised concerns over the tax structure to the whistleblower's employer, the whistleblower's employer used physical force and armed men to intimidate the whistleblower and prevent disclosure. The whistleblower reported the tax scheme to the Government and for several years assisted the Government in its

---

[2](...continued)
relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All amounts are rounded to the nearest dollar.

[*3] investigation of targets. Based partly on the whistleblower's information, the Government eventually recovered more than $30 million in taxes, penalties and interest.

On August 1, 2011, the whistleblower filed a Form 211, Application for Award for Original Information, and submitted to the IRS Whistleblower Office (Whistleblower Office) documentary evidence related to the targets' actions the whistleblower disclosed since December 20, 2006. The Whistleblower Office sent the whistleblower an award determination under section 7623(a). The whistleblower filed the petition seeking judicial review of the Whistleblower Office section 7623(a) award determination.

The whistleblower was aware that the Government investigated targets for potential ties to terrorist groups. Additionally, Department of Justice attorneys informed the whistleblower that targets were connected to organized crime and terrorism and could resort to physical force or harm in connection with their activities. The whistleblower received a death threat from one of the targets through its counsel. On one occasion the whistleblower used armed guards for safety when the whistleblower traveled abroad. Additionally, targets have lodged numerous litigation threats against the whistleblower relating to the whistleblower claims.

**[*4]** The whistleblower asserts that revealing the whistleblower's identity would result in the risk of retaliation, social and professional stigma, economic duress and personal safety. Specifically, the whistleblower asserts that disclosing the whistleblower's identity will result in professional stigma and impair the whistleblower's livelihood by alienating the whistleblower's potential clients and business contacts. Finally, the whistleblower asserts that the whistleblower is of an age and station in life that necessitates continued employment.

The whistleblower filed the motion to proceed anonymously at the same time the whistleblower filed the petition. Respondent filed a notice of no objection to the motion.

## Discussion

We are asked to decide whether the whistleblower should be permitted to proceed anonymously. Proceeding anonymously is necessary to protect the whistleblower's professional reputation, economic interests and personal safety.

Recently, this Court adopted Rule 345 to create a mechanism to preserve the anonymity of whistleblowers and non-party taxpayers. Whistleblowers seeking to proceed anonymously must file a motion with this Court setting forth a sufficient fact-specific basis for anonymity. Rule 345(a). The petition and subsequent filings are temporarily sealed pending a ruling by the Court on the motion to

[*5] proceed anonymously.  Id.  A whistleblower is permitted to proceed anonymously if the whistleblower presents a sufficient showing of harm that outweighs counterbalancing societal interests in knowing the whistleblower's identity.  See Whistleblower 14106-10W v. Commissioner, 137 T.C. 183 (2011); see also Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000).  The decision whether to allow a party to proceed anonymously rests within the sound discretion of the trial court.  Anonymous v. Commissioner, 127 T.C. 89, 94 (2006); see James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); see also sec. 7461(b)(1).

This Court has granted a motion to proceed anonymously where the taxpayer faced a risk of severe physical harm if the taxpayer's identity was revealed.  See Anonymous v. Commissioner, 127 T.C. at 94 (holding that risk of "severe physical harm" to taxpayer and taxpayer's family outweighed general public interest in knowing taxpayer's identity).  Moreover, this Court has granted a whistleblower's request to proceed anonymously where the whistleblower was susceptible to professional stigma, retaliation and economic duress.  See Whistleblower 14016-10W v. Commissioner, 137 T.C. at 203-204.  The Court's decisions are consistent with the IRS Whistleblower Office general administrative practice of keeping whistleblowers' identities confidential.  See id. at 205.

**[*6]**   The whistleblower has satisfied the factual burden to proceed anonymously. The facts alleged in the petition and the affidavit attached to the motion to proceed anonymously demonstrate that disclosure of the whistleblower's identity could result in the risk of retaliation, social and professional stigma and economic duress.[3]  Most importantly, disclosure of the whistleblower's identity would place the whistleblower at risk of physical harm.  Targets are alleged to have ties to terrorist organizations and have already used armed men to raid the whistleblower's offices.  Moreover, one of targets previously threatened the whistleblower's life.  Targets' actions evidence a pattern of intimidation, aggression and physical threats of harm towards the whistleblower.  In short, the nature and severity of potential harm that could befall the whistleblower outweigh the societal interest in knowing the whistleblower's identity.

For the foregoing reasons, we will grant the whistleblower's motion to proceed anonymously and the record in this case will remain sealed until further order of the Court.

<u>An appropriate order will be issued</u>.

---

[3]It is also evident that revealing the whistleblower's identity could adversely affect the whistleblower's professional reputation, current employment and future employment opportunities.