30 C.C.P.A. (Patents)

## In re SACKETT.

### Patent Appeal No. 4703.

Court of Customs and Patent Appeals.
May 3, 1943.

For original decision, see 135 F.2d 227..

Harold R. Savage and Roberts, Cushman & Woodberry, all of Boston, Mass., and. Cushman, Darby & Cushman, of Washington, D. C. (Arlon V. Cushman, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

PER CURIAM.

Ernest D. Sackett appealed to this court from a decision rendered by the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner in rejecting all the claims of his application for a patent relating to "shoe soles and method of making." On April 5, 1943, this court handed down its decision affirming that of the board.

On April 24, 1943, appellant Sackett, pro se and by his attorneys, filed in this court that which, to say the least, is a most unusual motion. It is moved that this court "shall seal the record and decision of this appeal against publication, or shall take such steps as may be necessary and sufficient to prevent publication." It is stated in the motion that the publication of the decision "would in itself constitute a complete disclosure of appellant's invention, not only to those skilled in the art to which the invention appertains, but to any and all persons acquainted with general chemistry or with common industrial usages and practices."

Distinction has long been made between the requirements of secrecy relating to judicial records and those which are merely official records. Distinction has also been made in some cases between the right to inspect judicial records before trial and the right to inspect the record of the court after trial. We know of no authority which would warrant a court such as this one in making an order denying public inspection of its records in a case like the one at bar.

Appellant, according to the tribunals of the Patent Office and this court, has disclosed no "invention." It is not seen how, under the circumstances, he is possessed of anything, the knowledge of which this court should be called upon to protect. If appellant had a trade secret, it was his privilege to practice it in the usual manner, but when he asked for a patent on his alleged invention and brought the same into the public forum of the court, it is not such a right as a court (and especially this court under the circumstances) is authorized to protect.

The anomalies that would be brought about by acquiescing in appellant's request and the reasons why appellant's motion is without merit seem to have been thoroughly considered in a case (in some respects similar to the one at bar) before the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia). Ex parte Drawbaugh, 2 App.D.C. 404. In that case no decision had been rendered when the motion was filed, but the reasons for denying the motion there are applicable here.

Appellant's motion is denied.

Denied.