**Application of Chiranjib K. SARKAR.**

**Appeal No. 78–554.**

United States Court of Customs
and Patent Appeals.

May 11, 1978.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

### ORDER

PER CURIAM.

Appellant Sarkar moves the court pursuant to CCPA Rule 5.13(g) to seal the record in Appeal No. 78–554 and to hear oral argument with respect thereto *in camera* so that material disclosed in the involved patent application may be retained, in the event of an adverse decision, as a trade secret. Having considered memoranda stating the views of the parties, the motion is *granted.*

*Facts*

February 13, 1978, Sarkar filed with the Clerk of this court the certified transcript of the proceedings in Patent and Trademark Office (PTO) with respect to his pending patent application, which proceedings had culminated in an adverse decision of the Board of Appeals (board), on all pend-

ing claims, from which a timely appeal had been taken under 35 U.S.C. § 141. Sarkar's claimed invention involves a technique for "modeling" a river on a computer so that design requirements of riparian constructions can be accurately predicted. The board held that the claimed method embodying such a technique was not statutory subject matter under 35 U.S.C. § 101 as construed in *Gottschalk v. Benson*, 409 U.S. 63, 93 S.Ct. 253, 34 L.Ed.2d 273 (1972). The controlling legal principles are, as yet, unsettled, and, at this time, the Supreme Court is again considering the status of computer-software inventions as statutory subject matter in *Parker v. Flook, cert. granted,* —— U.S. ——, 98 S.Ct. 764, 54 L.Ed.2d 780, 196 USPQ 864 (1978).

Concurrent with the filing of the transcript, Sarkar filed with the Clerk of this court the instant motion praying, inter alia, that the record be sealed. Upon receipt of these papers, the Clerk docketed Sarkar's appeal and took steps to preserve the secrecy of the materials contained in the transcript pending disposition of this motion. As a result, the papers constituting the record in this appeal have never been available to the public. *Cf. In re Mosher,* 248 F.2d 956, 45 CCPA 701, 115 USPQ 140 (1957). In the PTO, they were, presumably, held in confidence in accordance with 35 U.S.C. § 122.

It is alleged that certain mathematical formulae involved in the claimed method have been retained as, and are now, valuable trade secrets, and it is argued that disclosure and attendant loss of such secrets in the course of obtaining judicial review of the PTO decision would be unjust. Attempts to enter into a stipulation with the PTO solicitor whereby an abbreviated record might have been brought publicly before this court have met with no success. Accordingly, relief has been sought under our Rule 5.13(g) which reads:

> (g) *In Camera* Proceeding. In a proper case, where the interests of justice require, and on a convincing showing thereof by motion properly made, the court will sit *in camera,* or seal its record, or both.

The PTO opposes the motion on public policy grounds, saying "A resolution, one way or the other, will have no effect on the Patent and Trademark Office," alleging that the showing made is insufficient to warrant the relief sought. The solicitor notes that Sarkar was granted a license under 35 U.S.C. § 184 to file similar applications abroad and that Sarkar had failed to show that no foreign application filed thereunder was now open to the public. This court's decision in *In re Sackett,* 136 F.2d 248, 30 CCPA 1214, 57 USPQ 541 (1943), is cited for the proposition that the right of public access to court records is paramount to a patent applicant's claim to trade-secret rights.

In reply, Sarkar assures the court that no foreign applications have been filed and that there has been no public disclosure of the alleged trade secrets.

### Resolution

This is a case of first impression in this court with respect to which our prior decisions offer no guidance. *Sackett* does not support the proposition urged by the PTO. There, the appellant sought review of a board decision and, *after* the court's decision affirming the board had been rendered, moved the court to seal the record so that the substance of the patent application could be retained as a trade secret. The court denied the motion noting that once appellant had openly and voluntarily brought the alleged invention into the public forum of the court, the court was not (meaning no longer) authorized to protect it as a trade secret. Sarkar's concurrent filing of this motion and the certified transcript effectively avoids the *Sackett* problem.

Any federal court has the *inherent authority* to seal its record when, in the exercise of sound discretion, such action is deemed appropriate. See *Nixon v. Warner Communications, Inc.,* —— U.S. ——, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Our Rule 5.13(g) is merely declaratory of this inherent authority never before exercised by this

court to protect a trade secret in an ex parte patent appeal.

█ The determination of what constitutes a "proper case" in which to seal our record requires balancing the triangular interests of the trade secret owner, the court as an institution, and the public. The factors present in this case which lead us to the conclusion that the motion should be granted are:

(1) The substance of the patent application in issue has remained confidential by virtue of the operation of 35 U.S.C. § 122;

(2) The filing of the instant motion *coincided* with the filing of the certified transcript in this court such that the latter was never available to the public;

(3) The motion and supporting memoranda convincingly demonstrate (a) that the application in issue contains material susceptible of retention as a trade secret, (b) that such material has, in fact, been so retained, (c) that appellant has filed no foreign patent applications, and (d) that the subject matter has not become generally available through the activities of others;

(4) The merits of appellant's claim of entitlement to patent protection involve unsettled questions of law which are of current concern and the resolution of which is in the public interest;

(5) All less restrictive mechanisms for bringing the dispute before this court while still protecting the alleged trade secrets, e. g., a stipulated statement of facts, an abbreviated record, etc., have been explored and proven impractical; and

(6) The extraordinary action of the court in protecting the substance of the pending application will not be rendered nugatory by the issuance of a patent *regardless* of our holding since there are no allowed claims based on the alleged trade secret pending in Sarkar's application.

█ We are guided in our determination by the opinion of the Supreme Court in *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 94 S.Ct. 1879, 40 L.Ed.2d 315, 181 USPQ 673 (1974), from which we glean the sentiment that, wherever possible, trade secret law and patent law should be administered in such manner that the former will not deter an inventor from seeking the benefit of the latter, because the public is *most* benefited by the early disclosure of the invention in consideration of the patent grant. If a patent applicant is unwilling to pursue his right to a patent at the risk of certain loss of trade secret protection, the two systems will conflict, the public will be deprived of knowledge of the invention in many cases, and inventors will be reluctant to bring unsettled legal questions of significant current interest before this court for resolution. By extending the protection of the court to the *legitimate* trade secret under conditions such as those outlined above, we believe that conflicts between the two systems will be minimized.

It is, therefore, ORDERED that the MOTION FOR *IN CAMERA* PROCEEDINGS and TO SEAL THE RECORD is *granted* to the extent that the record, briefs, and other papers in this appeal shall remain confidential and only the parties to this appeal, their counsel, and necessary court personnel shall be permitted to be present at any oral argument. The court reserves the right to articulate the bases of its decision as it deems necessary.

*GRANTED.*