127 T.C. No. 6

UNITED STATES TAX COURT

ANONYMOUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7199-06.              Filed September 6, 2006.


        P is a foreign national.  A member of P's family was
kidnapped several years ago and held for ransom.  P filed a
motion to seal the record because P fears that P or other
family members might be targeted for another kidnapping if
information about P's identity or financial circumstances
were publicly disclosed.

        <u>Held</u>:  The significant risk of physical harm to P and
P's family outweighs the public interest in access to court
proceedings under these circumstances.  P's motion to seal
the record shall be granted, and P is permitted to proceed
anonymously.


<u>Sealed</u>, for petitioner.

<u>Sealed</u>, for respondent.

OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on petitioner's motion to seal court records.  Petitioner requests us to seal the record in this case and permit petitioner to proceed anonymously.  Petitioner has demonstrated a significant risk of physical harm to petitioner and petitioner's family members if the record were to remain open.  We conclude that it is appropriate to seal the record and permit petitioner to proceed anonymously.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

Petitioner is a foreign national.  At the time petitioner filed the petition, petitioner resided outside the United States.  A member of petitioner's family was kidnapped and held for ransom several years ago.  Kidnappings are a rampant problem in the country where petitioner and most of petitioner's family reside.  Petitioner fears that petitioner or other members of petitioner's family might also be kidnapped and their lives placed in jeopardy if petitioner's identity or petitioner's financial circumstances were made public in this case.  Petitioner filed the motion to seal court records at the same time petitioner filed the petition.

## Discussion

We shall begin by describing the general presumption of openness that attaches to judicial proceedings.  Generally, official records of all courts shall be open and available to the public for inspection and copying.  Nixon v. Warner Commcns., Inc., 435 U.S. 589, 597 (1978); In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 101 F.R.D. 34, 38 (C.D. Cal. 1984).  Hearings and the evidentiary record of proceedings before this Court shall be open to the public.  Secs. 7458, 7461(a).  Common law, statutory law, and the U.S. Constitution all support this important principle.  Nixon v. Warner Commcns., Inc., supra; Willie Nelson Music Co. v. Commissioner, 85 T.C. 914, 918 (1985); In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., supra.  The right to inspect and copy judicial records, however, is not absolute.  Nixon v. Warner Commcns., Inc., supra at 598.  Courts have supervisory power over their own records and files, and access to records has been denied where the court files might become a vehicle for improper purposes.  Id.

## Sealing the Record

This Court has broad discretionary power to control and seal, if necessary, records and files in our possession.  Willie Nelson Music Co. v. Commissioner, supra.  We may, in our discretion, seal the record or portions of the record if justice so requires and the party seeking such relief demonstrates good cause.  Sec. 7461(b)(1); Rule 103(a); AT&T Co. v. Grady, 594 F.2d

594, 596 (7th Cir. 1978); Willie Nelson Music Co. v.
Commissioner, supra at 920; Tavano v. Commissioner, T.C. Memo.
1991-237, affd. 986 F.2d 1389 (11th Cir. 1993).  To determine
whether sealing the record is appropriate, we must weigh the
presumption, however gauged, in favor of public access to
judicial records against the interests advanced by the parties.
Nixon v. Warner Commcns., Inc., supra at 602; AT&T Co. v. Grady,
supra at 598; Willie Nelson Music Co. v. Commissioner, supra at
919.

Taxpayers seeking to seal court records must come forward
with appropriate testimony and factual data to show good cause.
Estate of Yaeger v. Commissioner, 92 T.C. 180, 189 (1989); Willie
Nelson Music Co. v. Commissioner, supra at 920 (citing Wyatt v.
Kaplan, 686 F.2d 276, 283 (5th Cir. 1982); United States v.
United Fruit Co., 410 F.2d 553, 557 n.11 (5th Cir. 1969)); Tavano
v. Commissioner, supra.  Taxpayers may not rely on conclusory or
unsupported statements to establish claims of harm that would
result from disclosure.  Willie Nelson Music Co. v. Commissioner,
supra at 920; In re Coordinated Pretrial Proceedings in Petroleum
Prods. Antitrust Litig., supra at 44.

Good cause has been demonstrated and records sealed where
patents, trade secrets, or confidential information are involved
or where an individual's business reputation will be hurt.  See
In re Smith, 656 F.2d 1101 (5th Cir. 1981) (striking an
individual's name from factual resumes on due process grounds as
resumes were prepared in criminal proceeding where the individual

was not indicted); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458 (10th Cir. 1980) (sealing portions of record involving documents alleged to be subject to attorney-client privilege or work product doctrine); <u>In re Sarkar</u>, 575 F.2d 870 (C.C.P.A. 1978) (sealing record involving patent application proceeding so that the information would remain a trade secret in the event of an adverse decision); <u>Sendi v. Prudential-Bache Sec.</u>, 100 F.R.D. 21 (D.D.C. 1983) (sealing parties' tax returns to protect confidentiality and privacy interests). Merely asserting annoyance, embarrassment, or harm to a person's personal reputation, however, is generally insufficient to demonstrate good cause and overcome the strong common law presumption in favor of access to court records. <u>Willie Nelson Music Co. v. Commissioner</u>, <u>supra</u> at 921, 925 (record not sealed where nationally known entertainer sought to avoid public scrutiny or news coverage of case); <u>Tavano v. Commissioner</u>, <u>supra</u> (record not sealed where taxpayer had civil suit pending against employer and did not want employer to learn facts of case).

Petitioner submitted affidavits together with supporting documentation that demonstrate the severe degree of harm petitioner and petitioner's family members would risk if we did not seal the record. These affidavits and documentation show that a member of petitioner's family was kidnapped several years ago and that kidnapping is rampant in the country where petitioner and most of petitioner's family reside. Petitioner fears that publicizing petitioner's identity and financial

circumstances will increase the risk that either petitioner or a member of petitioner's family will be the target of another kidnapping and that petitioner's life or the lives of petitioner's family will be placed in jeopardy. We find these facts compelling. Petitioner has demonstrated through these affidavits that physical harm has actually been inflicted against a member of petitioner's family, and there is a risk that the same type of physical harm may be inflicted upon petitioner or another member of petitioner's family.

We must evaluate this risk of physical harm against the public interest in access to judicial records. See Nixon v. Warner Commcns., Inc., supra at 602; Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1069 (9th Cir. 2000); AT&T Co. v. Grady, supra at 596; Willie Nelson Music Co. v. Commissioner, supra at 919. After careful consideration of the facts of this case, we find that the balance favors petitioner. The risk of extreme physical harm to petitioner and petitioner's family outweighs the countervailing public interest favoring open judicial proceedings.

Permission To Proceed Anonymously

Petitioner also requests permission to proceed anonymously. There is no provision in our Rules that permits a taxpayer to proceed anonymously.[1] The Rules generally require taxpayers'

---

[1]Written determinations of the Commissioner such as rulings, determination letters, technical advice memoranda or Chief Counsel Advice and background file documents are generally made public with certain deletions of names, addresses, and other

(continued...)

names to be included on pleadings and other papers filed with the Court. See Rules 32(a) (requiring a party's name to be set forth on pleadings), 23(a) (requiring all papers filed to contain the full name and surname of each petitioner), 60(a) (requiring a case be brought by and in the name of a person against whom the Commissioner determined the deficiency in the case of a deficiency notice).

When there is no applicable Rule, we may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent adaptable to the matter at hand. Rule 1(a). Where our Rules are silent, we have looked to the Federal Rules of Civil Procedure and cases in other Federal courts interpreting the Federal Rules of Civil Procedure for guidance. See Willie Nelson Music Co. v. Commissioner, 85 T.C. at 917 (looking to decisions interpreting rule 26(c) of the Federal Rules of Civil Procedure for guidance in interpreting Rule 103(a)); Allen v. Commissioner, 71 T.C. 577, 579 (1979).

Several U.S. Courts of Appeals have permitted litigation to proceed anonymously. See, e.g., Does I Thru XXIII v. Advanced Textile Corp., supra at 1067; James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); Doe v. Stegall, 653 F.2d 180, 185-186 (5th Cir. 1981). The Supreme Court and the U.S. Court of Appeals for the District of Columbia Circuit have occasionally permitted

---

[1](...continued)
identifying information. Sec. 6110(a), (c). A person may act to restrain disclosure of these materials, however, under the procedures set forth in sec. 6110(f).

anonymous litigation to proceed.  Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005) (citing Roe v. Wade, 410 U.S. 113 (1973), and Doe v. Sullivan, 938 F.2d 1370, 1374 (D.C. Cir. 1991)).

The decision whether to allow parties to proceed anonymously is in the discretion of the trial court.  James v. Jacobson, supra at 238.  A party may generally proceed anonymously when the trial court reasonably determines that the need for anonymity outweighs the prejudice to the opposing party and the general presumption that the parties' identities are public information. See Does I Thru XXIII v. Advanced Textile Corp., supra at 1068. Some factors to be considered in deciding whether a party may proceed anonymously include whether the party challenges governmental activity, whether the party is required to disclose information of the utmost intimacy, and whether the party is compelled to admit his or her intention to engage in illegal conduct.  Doe v. Stegall, supra at 185.

Petitioner has a unique need for anonymity in this case. Petitioner fears that physical harm may come to petitioner or petitioner's family and their lives placed in jeopardy if petitioner's identity or financial circumstances were made public in this case.  We weigh this risk of physical harm against the risk of prejudice to respondent and the public interest in knowing the parties' identities.  See Does I Thru XXIII v. Advanced Textile Corp., supra at 1068.  We hold that petitioner may preserve anonymity in the special circumstances of this proceeding because petitioner's need for anonymity outweighs

prejudice to the opposing party and the public interest in knowing the identities of parties to judicial proceedings. There is little risk of prejudice to respondent here. Petitioner wants only to keep the information from public view. Petitioner is willing to provide sealed copies of documents to respondent. Further, the risk of severe physical harm to petitioner and petitioner's family outweighs the general public interest in knowing the parties' identities. Accordingly, we conclude that the balance is in petitioner's favor, and petitioner may therefore proceed anonymously.

Prior Public Disclosure of Information

Respondent objects to sealing the record here because some of the information has already been disclosed in a different judicial forum, and the records of that forum have not yet been sealed. Respondent argues that we therefore cannot maintain or protect petitioner's privacy due to the previous disclosure. We disagree. The public availability of some facts in another forum should not bar protection against the risk of future harm caused by disclosure in this Court. See Does I Thru XXIII v. Advanced Textile Corp., supra at 1069 n.11 ("Past acts of bravery in the face of danger is poor rationale for denying the courageous individual protection against future harm."); Estate of Yaeger v. Commissioner, 92 T.C. at 183, 190. The prior disclosure of some information does not preclude our decision to seal the record in this Court and permit petitioner to proceed anonymously.

Conclusion

After a careful review of the facts and circumstances of this case, we find that the demonstrated risk of severe physical harm to petitioner and petitioner's family outweighs the public interest in access to judicial records and to the identity of the parties.  There is little prejudice to respondent in permitting petitioner to proceed anonymously.  Accordingly, we shall grant petitioner's motion to seal the entire record and permit petitioner to proceed anonymously.  We do not address whether or to what extent any later opinions in this case will be sealed.

To reflect the foregoing,

An appropriate

order will be issued.