148 T.C. No. 7

UNITED STATES TAX COURT

WHISTLEBLOWER 12568-16W, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12568-16W.                    Filed March 22, 2017.

        P has moved to proceed anonymously in this whistleblower
action involving P's claim that a taxpayer avoided a tax liability in
excess of $3 billion.  P believes that, if P's identity were disclosed, P
would be at risk of retaliation, physical harm, social and professional
stigma, and economic distress.  Because the public has an interest in
knowing the identities of persons using the courts, we must resolve
the competing social interests at stake.  Whistleblower 14106-10W v.
Commissioner, 137 T.C. 183, 205 (2011) (balancing social interests
of (1) protecting identity of confidential informant with (2) the
people's right to know who is using their courts).  P has made an
adequate showing that, at this early stage in the action, the public's
interest in knowing P's identity is relatively weak and does not
outweigh the social interest of protecting P's identity as a confidential
informant.  See id.  Nevertheless, as the action progresses, the balance
may change, and, perhaps because of the size of the award that P may
become entitled to, or because of other developments, the public's
interest in learning P's identity may outweigh continuing to protect it.

Held: We will grant the motion, and P may proceed anonymously until and unless the Court determines differently.

Sealed,[1] for petitioner.

Patricia P. Davis and Amanda L. Myers, for respondent.

OPINION

HALPERN, Judge: Petitioner has brought this action pursuant to section 7623(b) for us to review respondent's denial of petitioner's claim for a whistleblower award.[2] This report addresses petitioner's motion to proceed anonymously under Rule 345(a) (motion).

Background

Petitioner has assigned error to respondent's determination to deny petitioner a whistleblower award. Among other averments in support of petitioner's assignments of error, petitioner avers that the taxpayer with respect to

---

[1]The names of petitioner's counsel have been omitted in furtherance of protecting petitioner's identity.

[2]All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

whom petitioner is claiming a whistleblower award (taxpayer) committed tax fraud resulting in an unpaid tax liability of well over $3 billion and subjecting the taxpayer to millions more in penalties.

Concurrently with filing the petition, petitioner filed the motion, praying to be allowed to proceed anonymously because, if petitioner's identity were disclosed, petitioner would be at risk of retaliation, physical harm, social and professional stigma, and economic distress. Petitioner supported the motion with a declaration, in which, among other things, petitioner represents the following. Petitioner was previously employed by an entity related to the taxpayer. Petitioner's claims concern significant unlawful tax code violations by the taxpayer and affiliates. Petitioner acquired knowledge about the violations in the normal course of petitioner's employment. Petitioner has a well-founded concern that disclosure of petitioner's identity would cause the taxpayer to retaliate against petitioner and petitioner's family, resulting in professional and personal ostracism, economic loss, and even threats to petitioner's family's safety. Disclosing petitioner's identity would also likely cause severe damage to petitioner's standing in petitioner's professional community, as well as embarrassment both professionally and personally.

Upon receipt of the motion, we held a telephone conference with the parties in which respondent stated that he had no objection to our granting the motion. We said that, nevertheless, the public has an interest in knowing the identities of persons using the courts, and, in considering the motion, we must resolve the competing social interests at stake. See, e.g., Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 205 (2011) (balancing social interests of (1) protecting identity of confidential informant with (2) the people's right to know who is using their courts).

We have filed petitioner's first supplemental declaration, which consists of a 13-page supplemental declaration and approximately 250 pages of exhibits (principally copies of (1) magazine and newspaper articles and (2) the complaints in two legal actions), all of which are directed at supporting petitioner's claim of possible retaliation were petitioner's identity disclosed.

## Discussion

Rule 345 concerns itself with privacy protections for filings in whistle-blower actions. Paragraph (a) of the Rule allows petitioners in whistleblower actions to move the Court for permission to proceed anonymously. Paragraph (b) addresses the redaction of filings to eliminate reference to the taxpayer to whom the whistleblower claim relates. With respect to the showing that a whistleblower

must make to proceed anonymously, we have said: "A whistleblower is permitted to proceed anonymously if the whistleblower presents a sufficient showing of harm that outweighs counterbalancing societal interests in knowing the whistleblower's identity." Whistleblower 10949-13W v. Commissioner, T.C. Memo. 2014-94, at *5; see also Whistleblower 14106-10W v. Commissioner, 137 T.C. at 203. The balance of whistleblower harm and societal interest, however, may shift as a case progresses. In Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, we considered both the Commissioner's motion for summary judgment and the whistleblower's motion to seal the record and proceed anonymously. We granted the Commissioner's motion on the ground that the whistleblower had not met a critical precondition for the grant of a whistleblower award; viz, that he had failed to show that, pursuant to his whistleblower claim, the Commissioner had collected any tax proceeds. Id. at 189. We denied the whistleblower's motion to seal the record but granted his motion to proceed anonymously. With respect to his motion to proceed anonymously, we explained: "Because we have held that respondent is entitled to summary judgment on a threshold legal issue which does not depend to any appreciable extent on petitioner's identity, we believe that the public's interest in knowing petitioner's identity is relatively weak." Id. at 205. The implication, of course, is that, if we

had not disposed of the action at the beginning of the case on the Commissioner's motion for summary judgment, the strength of the public's interest might, as the case progressed, have appeared stronger.

Indeed, the terms of both Rule 345(b) and the explanatory note accompanying the Court's adoption of Rule 345, see Rule 345 Explanatory Note, 139 T.C. 577, demonstrate that the weighing of potential harm from disclosing the identity of a whistleblower or taxpayer against counterbalancing social interests can shift as a case progresses. Rule 345(b) (generally requiring the redaction of information identifying the taxpayer) specifically provides that "[t]he Court in its discretion may later unseal the reference list [identifying redacted information], in whole or in part, if appropriate." The explanatory note elaborates:

> By concealing the name of the nonparty taxpayer, at least in the early stages of litigation, the consequences of inadvertent disclosure of such information are greatly mitigated, since the information could not be readily linked to the nonparty taxpayer. At some point in the litigation, if for instance the Court decided that the whistleblower was entitled to a large award, the Court might conclude that the public's interest in knowing the nonparty taxpayer's identity was sufficiently great that the nonparty taxpayer's name should no longer be protected.

Rule 345 Explanatory Note, 139 T.C. at 579.

Given that the redaction of information identifying the nonparty taxpayer that is generally required by Rule 345(b) is only provisional, the discretionary

protection that a whistleblower receives from the granting of a motion to proceed anonymously must, a fortiori, be provisional as well. Although Rule 345(a) does not specifically contemplate revocation of anonymity initially granted, it must follow that the Court's discretion to either grant or deny a motion to proceed anonymously also encompasses the authority to condition any relief granted on appropriate conditions.

In only three reports, in addition to Whistleblower 14106-10W, have we addressed a whistleblower's motion to proceed anonymously. In Whistleblower 10949-13W v. Commissioner, T.C. Memo. 2014-94, at *3, we accepted as true for purposes of disposing of the whistleblower's motion that U.S. Department of Justice attorneys had informed the whistleblower that the targets were connected with organized crime and terrorism and could resort to physical force or harm in connection with their activities. Also, we accepted as true that the whistleblower had received a death threat from one of the targets through its counsel. Id. We found that the harm that could befall the whistleblower outweighed the societal interest in knowing his name. We determined to grant his motion and stated that the record would remain sealed until further order of the Court. In Whistleblower 11332-13W v. Commissioner, T.C. Memo. 2014-92, the whistleblower had moved both to seal the record and to proceed anonymously. We accepted as true that,

when the whistleblower had raised to the target concerns over its tax structure, the target had used physical force and armed men to intimidate the whistleblower and to prevent disclosure. Id. at *1-*3. We also accepted as true that the whistleblower had received a death threat through the target's counsel and that the Government had offered to place him in the witness protection program. Id. at *4. Finding a risk of extreme physical harm to the whistleblower and his family, we granted both motions. We did not, however, add that the record would remain sealed until further order of the Court. Finally, in Whistleblower 13412-12W v. Commissioner, T.C. Memo. 2014-93, the whistleblower also had moved to proceed anonymously. Although he alleged only the risk of financial retaliation (loss of pension benefits), social and professional stigma, and economic duress, and although we voiced our reservations about the likelihood of the prospect of financial retaliation, we found that the nature of the potential harm to the whistleblower outweighed the societal interest in knowing his identity. We determined to grant his motion and stated that the record would remain sealed until further order of the Court.

Petitioner has made a sufficient showing as judged by the standards set forth in our one Division Opinion, Whistleblower 14106-10W, and in the three Memorandum Opinions, for us to grant the motion. And we will do so, but since

we do not know what turns this case may take, and given the extraordinary amounts of uncollected tax and penalty liabilities petitioner alleges, with the possibility that petitioner might receive a whistleblower award of up to 30% of the proceeds the Commissioner collects (an award that might equal or exceed $1 billion), see sec. 7623(b)(1), we cannot say that, at some future time in this action, we may not revisit the balancing between alleged harm to petitioner and the societal interest in knowing petitioner's identity and determine that anonymity is no longer justified. Such an approach is consistent with what other Federal courts do when faced with a request to use pseudonyms in the caption of a complaint. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1069 (9th Cir. 2000) ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses."); John Doe 140 v. Archdiocese of Portland in Or., 249 F.R.D. 358, 361 (D. Or. 2008) (denying defendants' motion to require plaintiff to plead his nonfictitious identity but emphasizing that the defendants may refile their motion at later stages of the case). It is only fair that we inform petitioner that the balance that we now find to weigh in favor of anonymity may change, so that petitioner may take that risk into account in deciding whether to proceed with the action.

## Conclusion

For the reasons stated, we will grant the motion, and petitioner may proceed anonymously until and unless the Court determines differently.

An appropriate order will be issued.